LUMBERMEN'S MUTUAL CASUALTY CO. *et al. v.* COOK.

No. 14418.   February 9, 1943.

*Gambrell & White* and *John E. Branch,* for plaintiffs in error.

*T. E. Whitaker,* contra.

DUCKWORTH, Justice. That an employee has suffered an injury compensable under the terms of the workmen's compensation act may be conclusively established by an agreement filed with and approved by the Industrial Board (Code, § 114-705), or by an award of the board after hearing evidence (§§ 114-706-7-8). Regardless of which of these two methods is employed, it is a decision of the Industrial Board. If by agreement, it is voidable until approved by the board; but when it has been approved by that board, the statute makes available the processes of the superior court to enforce it. The decision or judgment of the board in the one case rests upon and is supported by the agreement of the parties, while in the other it rests upon evidence introduced at the hearing. By entering into the agreement and allowing it to receive the approval of the board, the parties thereby preclude themselves from thereafter contradicting or challenging the matters thus agreed upon.

The only provision of law for further consideration of a case thus disposed of by an approved agreement is a review upon a change in condition, as provided in the Code, § 114-709. The inquiry authorized by law to be made on the review is strictly limited to a change in condition. The condition as it existed at the time of the agreement is settled by that agreement, and can not be redetermined upon the review. That this was the legislative intent is clearly manifest by the provision of § 114-705, to the effect that unless the agreement is approved as provided by statute it is voidable, but when so approved it will be enforced by the superior court. If the Industrial Board is not satisfied with an agreement, if in its judgment the agreement is unjust and should not be enforced, it has the opportunity and the official duty to withhold its approval; but by the act of approving the agreement the Industrial Board thereby makes it the judgment of the board. In the present case the award rendered on January 15, 1940, denying the employee's application for further medical expense, did not deal with or adjudicate any matter or question embraced in the agreement. The application for further medical aid was brought under the provisions of the Code, § 114-501, as amended by the Act of 1937 (Ga. L. 1937, pp. 230, 233, 528, 532). The application did not seek an adjudication awarding compensation generally to the employee, but was confined solely to the question of further medical expense. The award of the board could adjudicate only such matters as were legally before the board for adjudication. Having by its approval of the agreement adjudicated that the employee was entitled to compensation in the amount stated in the agreement, the board was without authority of law to again adjudicate those questions. Nor did the award on the application for medical expense adjudicate the question presented by the petition of the employee for a review, which was a change in condition. The agreement in the present case provided for payment of the stated compensation so long as the disability continued. An adjudication that the disability had ceased to exist did not contradict the adjudication that it did exist, as shown by the agreement. Nor did such adjudication bar the review provided by the statute in case of a change of condition. Under the statute the Industrial Board was authorized to hear and determine the petition of the employee for a review because of a change in condition. The award on the application

for further medical expense was not an adjudication of any matter embraced in the petition for review. The decisions of this court in *Ætna Life Insurance Co.* v. *Davis*, 172 *Ga.* 258 (157 S. E. 449), and *New Amsterdam Casualty Co.* v. *McFarley*, 191 *Ga.* 334 (12 S. E. 2d, 355), are relied upon as authority for denying the employee's right to a review. The latter decision is inapplicable to the facts in the instant case; for it is there expressly stated (p. 338) that no agreement to pay compensation was involved in that case, whereas here the employee stands upon such an agreement duly approved. In the *Davis* case the facts as reported do not show that an approved agreement was there involved. The language of the decision indicates that no consideration was given by this court to an approved agreement, and the case was decided upon the theory that no such agreement was involved, this court evidently overlooking the significance of the agreement. For a proper construction of the opinion in these circumstances, see *Morrison* v. *Slaton*, 148 *Ga.* 294 (96 S. E. 422) ; *Jones* v. *Dean*, 188 *Ga.* 319, 326 (3 S. E. 2d, 894). References to the *Davis* case made in the *McFarley* case related to the facts and rulings as appear in the case as published, and not the original record. We have now examined the original record in the *Davis* case of file in this court, and it discloses that there was an agreement of the parties, providing for compensation at the rate of $12.50 a week so long as the disability continued, duly filed with and approved by the board. Thereafter the employee petitioned the board to determine the extent of his disability, and upon that petition the board made an award that the employee suffered no disability. This court treated the award as a valid adjudication denying compensation, and held that the employee was not entitled to a review as provided in § 114-709. It is our opinion that the award did not alter the previous approval of the agreement, which established the employee's right to compensation under the law, and that he was entitled to have that agreement reviewed on a change in condition as provided by the statute. In view of the record, that judgment is unsound, and will not be followed. Question No. 1 is answered in the *affirmative*. Question No. 2 is answered in the *negative*.

*All the Justices concur.*