33160. GEORGIA MARINE SALVAGE CO. INC.
*v.* MERRITT.

DECIDED JULY 13, 1950.

*T. Elton Drake, John M. Williams,* for plaintiff in error.
*A. A. Nathan, J. Wesley Jernigan,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ An agreement between the parties to a workmen's compensation case duly signed, and approved by the board, is, in the absence of fraud, accident, or mistake, conclusive as to the matters agreed upon, and the approval by the board of the agreement has the same legal effect as an award of the board made after a hearing of the issues. Code § 114-705; *Lumbermen's Mutual Casualty Co.* v. *Cook,* 195 *Ga.* 397 (24 S. E. 2d, 309); *Wiley* v. *Bituminous Casualty Corp.,* 76 *Ga. App.* 862 (47 S. E. 2d, 652). Subsequent to the entering of such an order of approval of the agreement, or the entering of an award, the board may entertain a request for modification of the award due to a change of condition. Code § 114-709. By "change of condition" is meant a change in the physical condition of the claimant *subsequent to* the entering of the award, and it has frequently been held that, even where an award is made which erroneously denies compensation, proof by the claimant on rehearing that he is disabled if such disability existed in the same degree and to the

same extent at the time of the first hearing, is not sufficient to justify a change in the award based on a change of condition, as the previous hearing, on this theory, becomes *res judicata* up to and including the time of such hearing. *Chicago Bridge & Iron Co.* v. *Cole,* 70 *Ga. App.* 599 (28 S. E. 2d, 900); *Fralish* v. *Royal Indemnity Co.,* 53 *Ga. App.* 557 (186 S. E. 567); *Rourke* v. *United States Fidelity &c. Co.,* 187 *Ga.* 636 (1 S. E. 2d, 728); *Moore* v. *American Liability Ins. Co.,* 67 *Ga. App.* 259 (19 S. E. 2d, 763).

At the time the claimant signed the agreement for compensation he was aware that he was totally disabled due to a back injury arising out of the same accident wherein he had received the injury to his foot. According to his testimony, his employers had also been informed of this fact. There is no doubt but that the employee, when he was offered a check for one week's disability, and when he was told that he should "sign some papers to do it up right" had no conception of the import of what he was signing. Had it recited the injury to his back he would have signed it just the same. However, it made no mention of the back injury and, for reasons hereinafter set out, the mere approval of the filed agreement by the board cannot be held to be *res judicata on any issue* as to compensation for the back injury.

It was held in *United States Casualty Co.* v. *Smith,* 162 *Ga.* 130 (133 S. E. 851) that an agreement as to compensation for an injury received does not preclude the board from awarding additional compensation for a secondary injury superinduced by the original accident, but in this case the claimant did not know at the time he signed an agreement for compensation for an accident resulting in arm burns that a secondary infection would cause him to have the arm amputated a year later. It would seem that the claimant is precluded from receiving benefits on the theory of change of condition when in fact his condition was the same before and at the time he signed the agreement as it was thereafter, and he was aware of this fact. Insofar as the award of the director is based on a change of condition the theory on which the award is predicated is erroneous.

■ The agreement was approved by the Board of Workmen's Compensation on July 21, 1948. On August 11 the claimant wrote the board a letter as follows: "I am claiming additional

compensation benefits as the result of the injury I received while working for Georgia Marine Salvage Co. I have not been able to work at all since that time, however, I went back one day but was unable to go back to work and I have been under two doctors since that time.

"Here is a statement from one and you can get statement from the other by contacting Dr. J. A. Barron, Shady Rest Motel, Glynn Avenue, Brunswick, Georgia. I am taking one treatment each day and I can hardly use my left leg from my hip down. I'm not trying to claim any falsehood to gain any benefit I do not deserve. I sincerely hope you will find it necessary to help me for it will be highly appreciated." Attached to this letter was a doctor's certificate to the effect that he was suffering from a back injury. The agreement makes no reference to a back injury. Between the date of the approval of the agreement and the writing of the letter on August 11, the claimant received no compensation pursuant to the agreement, unless the single check for one week's compensation for the foot injury was received during that interval. The record is not clear as to exactly when this payment was made.

While the letter of August 11, 1948, would not have been a sufficient application for hearing on an original claim (See *Folsom* v. *American Mutual Liability Ins. Co.*, 48 *Ga. App.* 831 (2), 173 S. E. 878), it appears that it was sufficient when construed as a request that the board reconsider the case, and that the board had jurisdiction to grant such reconsideration, the request having been made within a reasonable time. In *Lumbermen's Mutual Casualty Co.* v. *Lattimore*, 165 *Ga.* 501 (supra) the approval of an agreement by the Industrial Commission contained the following language: "If any party in interest doubts that the agreement made has been made strictly according to law, he may address the commission with an inquiry or complaint; it will receive prompt attention." A letter to the commission by the insurance carrier within 30 days thereafter, pointing out that the award was made on the erroneous basis of total rather than partial dependency, and "suggesting" that the commission review the agreement, was held a sufficient basis for a reconsideration by the commission of the agreement previously entered into, and for an award finding for partial,

rather than total dependency. The letter of August 11 should certainly be construed as a suggestion on the part of the claimant, who is not a lawyer and is not versed in legal technicalities, to hold a hearing to review and correct the approved agreement. In making this request he would not be expected to couch it in legal terminology. In fact he, of course, did not know of the necessity for making a request for a hearing. However, by his letter he made it clear to the board that he was dissatisfied with the settlement agreement because he was no longer receiving compensation under it. Yet he was totally disabled from a back injury which he received in the same accident as that dealt with by the settlement agreement but which was not referred to therein.

In *Reese* v. *American Mutual Liab. Ins. Co.*, 67 *Ga. App.* 420 (1) (supra), it was held that an approval of settlement containing the modifying clause "was not such a final award as would deprive the Industrial Board of jurisdiction to allow the defendants the right to have the case reopened within a reasonable time." In that case the board, after hearing, voided the agreement and found the widow not entitled to compensation. The same problem was discussed in *Maryland Casualty Co.* v. *Morris*, 68 *Ga. App.* 239 (22 S. E. 2d, 627) the court stating that an approval containing the modifying clause was not such a final award as would necessarily deprive the Industrial Board of jurisdiction to allow the case to be reopened. It then added, "Within what specific time the right of the claimant to have his case reopened would be barred does not seem to have been decided in this State," but indicated that three years might be proper. In *Liberty Mutual Insurance Co.* v. *Morgan*, 199 *Ga.* 179 (33 S. E. 2d, 336), a case also involving the modifying clause in the approval of agreement, the Supreme Court refused to decide whether the board's right to review its award would continue over and beyond the expiration of the thirty days provided for an appeal, and denied the right to open a case on a motion of the insurance carrier which, after operating under the agreement for a period of eight months, and having by the agreement bound itself as the proper carrier, wished to offer proof that it did not in fact insure the risk. It was there held that continued payment for the eight-month period by the insurance carrier

amounted to a ratification and confirmation of the award. The claimant here has done nothing to constitute a ratification or confirmation of the settlement award. Under these precedents it appears conclusive that, where a settlement agreement is submitted to the Board of Workmen's Compensation and conditionally approved by it with the right reserved to review and correct the same should it be shown that error was committed, and where it appears on the face of the agreement that error was committed in that no mention of the back injury was made in framing such agreement, and where the board is notified of this fact within a reasonable time, the board retains jurisdiction to hear and determine the issues involved.

The application for hearing in the instant case was based on a change of condition and, as has been pointed out in the first division of this opinion, such application can not be sustained. The Board of Workmen's Compensation, however, retained jurisdiction of the case to review and correct the approved agreement in accordance with claimant's letter of August 11, under which it became the duty of the board to set a hearing for this purpose. The case is therefore remanded to the board with direction that an award be entered on the application of the claimant to have the approved agreement reviewed and corrected, after hearing, in which the board may take additional testimony, apply the testimony already taken to this issue, or both, in its discretion.

The judge of the superior court erred in affirming the award of the Board of Workmen's Compensation because there was no evidence to show a change of condition.

*Judgment reversed with direction. MacIntyre, P.J., and Gardner, J., concur.*