34687.   JOHNSON *v.* ST. PAUL-MERCURY INDEMNITY
COMPANY *et al.*

Decided September 18, 1953—Rehearing denied October 6, 1953.

*Joe Salem,* for plaintiff in error.
*Currie & McGhee,* contra.

GARDNER, P. J.   There is no evidence in the record that would carry the burden of proof which the claimant must carry in order to prove that the deceased suffered an injury by accident arising out of and in the course of his employment.   There is no evidence that, if an accident did occur in fact, the death of the deceased, which occurred over a month thereafter, was the result of such injury.   To the contrary, the medical evidence is to the effect that the death of the deceased was not so caused, and there is no other evidence whatsoever to contravene this expert testimony.   The numerous diseases which the deceased suffered could have been the cause of his death, and not necessarily any accidental injury received by him in the course of his employment and growing out of it.   There is ample evidence in this record to sustain the judgment of the superior court in affirming the award of the full board.   Counsel for both sides enter into a discussion and cite authorities pro and con as to presumptions which arise by an injury such as revealed by the facts of this record; but, when we sum it all up, we find that the burden of proof is with the claimant, and secondly, that the full board is empowered to reverse the award of the single director, even though there might be some evidence to support the award of the single director, provided, of course, there is competent evidence to sustain the award of the full board.   We see no necessity of going into the detail of these questions.   They have been dealt with time and again by many decisions of this court.

*Judgment affirmed.   Townsend and Carlisle, JJ., concur.*