37751. GENERAL ACCIDENT FIRE & LIFE ASSURANCE CORPORATION *et al. v.* TEAL.

TOWNSEND, Judge. 1. The employee claimant in this workmen's compensation case suffered a compensable injury on March 27, 1957, following which an agreement was entered into and approved by the board to pay compensation at the total disability rate from April 15, 1957, until terminated by law. The attending physician discharged the claimant on July 10, 1957, and he returned to work on July 15, worked for one day but did not return because of pain in his back, hips and legs. The employer notified the board of termination of payments and tendered final settlement receipts which the claimant refused to sign. The claimant's attorneys then requested a hearing "on the questions of liability, disability, medical and compensation, and any other question which may be presented to the board." The board set a hearing stating the purpose thereof "to determine change in condition", and, after hearing evidence, the hearing director entered an award for total permanent disability, which was affirmed by the full board and thereafter by a judge of the Superior Court of Fulton County.

The primary contention of the plaintiff in error is that, since the claimant was dismissed by his physician as able to return to work, and since he did return to work for one day, the burden is on him to show a change of condition. It is further contended that, since the claimant was receiving compensation for total disability until the employer ceased paying him, and since he still claims to be totally disabled, he has shown no change in condition which would authorize the award in

this case. Under the facts herein stated, the claimant did not request a hearing under Code (Ann.) § 114-709 to determine a change in condition, but did request a hearing under Code (Ann.) § 114-706, which provides that after an agreement is signed "and the parties thereto then disagree as to the continuance of any weekly payment under such agreement, either party may make application to the Board for a hearing in regard to the matters at issue." The fact that the claimant attempted to work one day and was unable to continue is not such proof of his recovery and ability to work as would throw the burden upon him to show a change in condition thereafter, but, on the other hand, the board adopted the claimant's contention that he was at all times totally disabled and unable to renew his employment. The burden was not on the claimant to show a change of condition after the employer, without authorization from the board, ceased payments, but was on the employer to show that the conditions under which compensation was payable in accordance with the agreement had changed. See *National Surety Corp.* v. *Nelson,* 99 *Ga. App.* 95 (2) (107 S. E. 2d 718). The contention that the award should be reversed because the claimant failed to show a change of condition is without merit.

2. Objections were urged to the testimony of a physician on behalf of the claimant, and renewed on appeal to the full board, on the ground that the testimony of this witness as to the condition of the claimant was hearsay, being based in part on statements and the history of the case related by the claimant to the physician. As to the testimony of this witness the finding of fact, amply supported by the testimony, is as follows: Dr. Sandison detailed his examination and findings and X-rays, and stated that the claimant had arthritis, and probably had an arthritic condition at the time of his injury and such an injury would tend to aggravate an arthritic condition, and that he had a strained back and in his opinion he was unable to do any work." The claimant's own testimony supported the same conclusion. An award supported by sufficient competent evidence will not be reversed because of the improper admission of hearsay testimony. *Hartford Accident & Indem. Co.* v. *Hillhouse,* 73 *Ga. App.* 122 (35 S. E. 2d 603); *Pruitt* v. *Ocean Accident &c. Corp.,* 48 *Ga. App.* 730 (173 S. E. 238).

The judge of the superior court did not err in affirming the award. *Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

D{.sc}ECIDED{.sc} S{.sc}EPTEMBER{.sc} 17, 1959—R{.sc}EHEARING{.sc} DENIED{.sc} OCTOBER{.sc} 5, 1959.

*Smith, Field, Doremus & Ringel, Charles L. Drew,* for plaintiffs in error.

*Robert M. McCartney, John M. Williams,* contra.