37832. MANUS *v.* LIBERTY MUTUAL INSURANCE COMPANY *et al.*

TOWNSEND, Judge.  1.  An agreement as to compensation signed by the parties and approved by the full board is, as to the matters therein contained, res judicata when no appeal therefrom is taken within the time provided by law and where no request is filed for a hearing on change of condition under Code (Ann.) § 114-709 or in regard to the continuance of payments under Code (Ann.) § 114-706. "The parties are precluded from thereafter contradicting or challenging the matters thus agreed upon." *Travelers Ins. Co.* v. *Hammond,* 90 *Ga. App.* 595 (2) (83 S. E. 2d 576).

2. The decision of the full board in this workmen's compensation case reciting: "An agreement to pay compensation for temporary total disability properly executed was submitted to the board for approval on April 25, 1958, and the same was approved on said date. Notice of the approval was mailed to all parties" establishes that the agreement to pay compensation in this record is considered by the Board of Workmen's Compensation as a valid and subsisting agreement which had previously been approved by the board. The

person attacking such agreement on the ground that it is in fact void has the burden of proving such invalidity.

3. "While the industrial commission is authorized by the provisions of the workmen's compensation act to 'make rules not inconsistent with this act, for carrying out the provisions of this act' this court can not take judicial notice of the fact that the industrial commission has or has not adopted a rule upon any given subject. *Shurman* v. *City of Atlanta*, 148 *Ga.* 1 (3), 14 (95 S. E. 598)." *Crouch* v. *Fisher*, 43 *Ga. App.* 484 (3) (159 S. E. 746). The sole ground on which the plaintiff in error relies in this case for attacking the original agreement between the employer, employee, and insurance carrier as approved by the board is that the approval by the board was not in the form prescribed by its rules and regulations. The rule in question is not in this record and cannot be considered by this court.

4. It follows that where, as here, the parties entered into an agreement for payment of compensation which was approved by the Board of Workmen's Compensation, and compensation was paid thereunder, and thereafter the employee signed a final compensation settlement receipt, there is no merit in the contention of the employee that the claimant should, some seven months thereafter, be granted an original hearing on the merits of the claim. "Neither upon its own motion, nor upon application of the employer and the claimant, has the industrial commission of this State the power and authority . . . to pass an order reopening a case and granting another hearing for the taking of evidence, and to reconsider the case upon its merits, and thereupon to award compensation to the claimant, after the commission has entered an order" denying compensation. *Gravitt* v. *Georgia Cas. Co.*, 158 *Ga.* 613 (1) (123 S. E. 897). *Howard* v. *Murdock*, 83 *Ga. App.* 536 (2) (64 S. E. 2d 221), cited by the plaintiff in error, is a case wherein no original award had been entered, and accordingly has no bearing on the facts of this case.

The Judge of the Superior Court of Gwinnett County, to whom was appealed the award of the full board refusing to reopen the case for consideration on its merits after the time for appeal had passed, did not err in affirming the award of the board refusing to take such action.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED SEPTEMBER 17, 1959—REHEARING DENIED
OCTOBER 1, 1959.

*N. Forrest Montet,* for plaintiff in error.
*Greene, Neely, Buckley & DeRieux, Burt DeRieux,* contra.