## 38636.   BAKER v. LIBERTY MUTUAL INSURANCE COMPANY *et al.*

TOWNSEND, Presiding Judge.   1.   On a hearing in a workmen's compensation case to determine change of condition, it appears that the claimant was injured on June 9, and July 28, 1958, that an original hearing was held on October 8, 1958, in which medical depositions were received and filed on December 29, 1958, and an award was entered on January 16, and January 22, 1959, awarding temporary total disability up to December 29, 1958, the date of the last deposition.  This award was not appealed from.  On the second hearing it further appeared that the claimant had been able to work in a ten-cent store the two weeks prior to Christmas, 1958, but was unable to continue after that time because of pain and numbness in her back and leg; that she also attempted to pick cotton in September, 1959, but was unable to continue at that employment, and has been physically incapacitated from doing any labor since that time.  The claimant's testimony was reinforced by that of a physician who examined her on January 13, 1960, found her disability to be total, and swore positively that, although she also suffered from a congenital defect, the present disability was either caused or aggravated by trauma, which in his opinion based on the medical history stemmed from the original injuries.  All of this evidence is sufficient to establish a change of condition subsequent to December 29, 1958, and resulting in a present total disability to labor which is in its very nature attributable to the original injury.  It affirmatively establishes that the claimant was well enough to work for the two weeks preceding the time when the director originally hearing the case found her disability had ceased, and that she was, as of the date of the present hearing, unable to do so.

This conclusion is not necessarily invalidated as contended by the fact that on cross-examination the claimant replied in

the affirmative to the following question: "Mrs. Baker, are you disabled now to the same extent and degree that you were on October 8, 1958, when we had this last hearing?" For one thing, the director hearing the case found that the claimant was disabled on October 8, and that her total disability continued until December 28. Again, such an admission elicited by skillful cross-examination need not be decisive of the case, but all of the testimony considered together must be tested to see whether as a matter of fact the claimant's condition changed for the worse, even though in her own opinion she was totally incapacitated at the time the award ending compensation was entered. Neither does the testimony in this record demand a finding that the disability from which the claimant now suffers is a result of her congenital defect unaffected by the injuries which she received in the course of her employment.

2. However, the judgment of the Judge of the Superior Court of Barrow County reversing the award is without error. In the first place, since the director first hearing the case found that the claimant's disability ceased in December, 1958, the burden was on her, not on her employer, to show a change of condition, and the deputy director erred in finding that "the defendant has failed to carry the burden." An award based upon an incorrect legal theory cannot stand. *American Mutual Liability Ins. Co. v. Kent*, 71 Ga. App. 453, 454 (2) (31 S. E. 2d 81); *American Casualty Co. v. Wilson*, 99 Ga. App. 219 (2a) (108 S. E. 2d 137). Secondly, although the award contains a finding of total disability, it fails to contain a specific finding that there was in fact a change of condition. The defendant is correct in its argument that the condition at the time of the award becomes res judicata, and that a change of condition *subsequent to* the facts found in the original award is necessary to support an award of compensation after it has been terminated by a prior award. *Georgia Marine Salvage Co. v. Merritt*, 82 Ga. App. 111 (1b) (60 S. E. 2d 419).

The judgment of the Judge of the Superior Court of Barrow County reversing the award of the deputy director is affirmed, with direction that the case be returned to the Board of Workmen's Compensation for the purpose of entering up a new award in accordance with what is stated herein.

*Judgment affirmed with direction. Carlisle, Frankum and Jordan, JJ., concur.*

DECIDED JANUARY 17, 1961—REHEARING
DENIED FEBRUARY 1, 1961.

*Guy B. Scott, Jr.,* for plaintiff in error.
*Erwin, Birchmore & Epting, Nicholas P. Chilivis,* contra.