21586. CARDIN v. RIEGEL TEXTILE CORPORATION.

ARGUED MARCH 12, 1962—DECIDED APRIL 5, 1962—
REHEARING DENIED APRIL 20, 1962.

*Wade H. Leonard,* for plaintiff in error.

*Oscar M. Smith, Matthews, Maddox, Walton & Smith,* contra.

HEAD, Presiding Justice. ■ Where the State Board of Workmen's Compensation awards compensation to an injured em-

ployee, and this award is not appealed from, vacated, or set aside, or where the parties by agreement with the approval of the board enter into a contract or agreement for the payment of compensation, the only provision of law for further consideration of the case disposed of by the award or the agreement is on review based upon a change of condition as provided by Code § 114-709 as amended (Ga. L. 1937, pp. 528, 534; Ga. L. 1943, pp. 167-169). *Lumbermen's Mutual Casualty Co. v. Cook*, 195 Ga. 397 (24 SE2d 309); *Sears, Roebuck & Co. v. Wilson*, 215 Ga. 746 (113 SE2d 611).

In the present case the parties agreed that the plaintiff experienced a change of condition on July 7, 1960, and that he was entitled to compensation on the basis of 25% permanent partial incapacity to work from that date. The defendant had made payments on the prior award for a period covering more than the 26 weeks required by Code § 114-417 as amended (Ga. L. 1937, pp. 528, 531; Ga. L. 1943, pp. 167-169). The amount agreed upon under the contract was paid in full on the basis of the agreed incapacity of the plaintiff and was not reduced by commutation as authorized by law.

It is the general policy of the law to encourage settlements of disputes, and under the provisions of Code § 114-106 settlements of claims under the Workmen's Compensation Act are encouraged. It is a well established rule that an agreement between an injured employee and his employer, providing for compensation under the act, is, in the absence of fraud, accident, or mistake, binding on the parties. *Liberty Mutual Insurance Co. v. Morgan*, 199 Ga. 179, 181 (33 SE2d 336), and cases cited. In the present case the plaintiff does not allege fraud, accident, or mistake, nor is it otherwise shown that his voluntary agreement or contract is invalid for any reason. He is bound by his contract, and can not recover in the present case. Whether or not the court improperly vacated and set aside the rule nisi is immaterial, since the petition failed to state a cause of action for any relief.

The case of *Tillman v. Moody*, 181 Ga. 530 (182 SE 906), cited and strongly relied upon by counsel for the plaintiff, is not in point on its facts with the present case. The *Tillman* case

was a death case, and there could be no change in condition in such a case. No payment had been made by the employer for any period as required by the provisions of *Code Ann.* § 114-417. Furthermore, the judgment which the plaintiff there sought to have reinstated was a judgment of the superior court of the county in which the petition was filed and the superior court of that county had jurisdiction of the subject matter. In the present case, the agreement of the parties was made the judgment of the State Board of Workmen's Compensation. The plaintiff does not seek to have the judgment of the board approving the lump sum settlement set aside. There is, however, no provision either at law or in equity for the setting aside of the judgment of the board under the facts alleged in the petition, and so long as this judgment remains in effect as a judgment of the board, the plaintiff could not recover from the defendant.

■ In order to maintain his action, if the petition otherwise stated a cause of action, the plaintiff would have to account for the amount he received under the lump sum settlement of $3,000. He offers to "do equity" to the extent of $2,000, "being the amount received as his part of said purported settlement." Such offer does not meet the requirement of *Code* § 20-906 that a person must restore, or offer to restore, that which he has received under a contract before it can be vacated and set aside. The fact that some part of the amount received may have been paid as attorney's fees does not relieve the plaintiff of the obligation to restore.

*Judgment affirmed. All the Justices concur.*