40294. LIBERTY MUTUAL INSURANCE COMPANY et al.
v. ARCHER.

564

*Greene, Neely, Buckley & DeRieux, Burt DeRieux, James H. Moore,* for plaintiffs in error.

*G. L. Dickens, Jr.,* contra.

Felton, Chief Judge. This is a compensation case in which the exception is to the reversal by the court of an award stopping compensation under an agreement by reason of the finding that the employee's condition had improved to the extent that he was no longer disabled. The award involved a retroactive feature to the extent of ten days prior to the application for a hearing on change in condition. Since the whole award is set aside the retroactive feature becomes moot.

The award was that the employee "did undergo a change in condition on September 20, 1960, when he returned to work." Since there was no other finding of fact on the subject of change in condition, the award is interpreted to mean that there was a change in condition *because* the employee returned to work. This court has already held that the mere fact of an employee's going back to work does not conclusively show that he has recovered from an injury. *Bell v. Liberty Mut. Ins. Co.,* 108 Ga. App. 173 (132 SE2d 538). Neither does merely going back to work show a change in condition for the better. The employee in this case suffered a physical injury. He went back to work but quit because, as he testified, he was not able to continue. It is true that two doctors testified that there was no physical disability resulting from the accident at the time of the request for a hearing on change in condition. However, one doctor testified that there might be psychological disability as a result of the injuries received in the accident. Such a disability is compensable. *Indemnity Ins. Co. v. Loftis,* 103 Ga. App. 749 (120 SE2d 655). *The burden of proof was on the employer and insurance carrier to prove that the claimant's condition had im-*

*proved to the extent that he was no longer disabled or was less disabled than at the time of the agreement.* One doctor testified that the employee did not appear to be malingering, that he had a fair knowledge of psychiatry but not enough to express an opinion as to whether the claimant was malingering. The other doctor testified that he thought the employee was convinced that his disability was related to his injury. We conclude that the employer and carrier did not carry the burden of showing such a change in condition as would authorize a definite award. Even if it be conceded that some improvement was shown there was no evidence definite enough to form the basis of an award based on a change in condition. So, if the award of the director and the board was based on evidence other than the mere return to work it was not sufficient to authorize the award. *There is no evidence in the record authorizing or supporting a finding of complete recovery from incapacity by the employee.* The evidence authorizes a finding that while the employee was totally incapacitated from working for a period following his injury, he had recovered from his physical injury, but demands a finding that he was suffering some psychic or psychological disability related to the injury. A change in *physical condition* subsequently to the award is a change of condition within the meaning of the statute. *Georgia Marine Salvage Co. v. Merritt,* 82 Ga. App. 111 (60 SE2d 419); *Travelers Ins. Co. v. Hammond,* 90 Ga. App. 595 (3) (83 SE2d 576). There was testimony that the claimant could work—that there was no physical reason why he could not do manual labor. But this does not show complete recovery when the same witnesses also testified that he suffered a related psychic or psychological disability. There was no finding of partial incapacity nor any award based thereon, as might have been done under *Code Ann.* §§ 114-405, 114-709, though this may have required additional evidence as to the extent of the incapacity or disability. The award here is based upon a finding of complete recovery from incapacity.

We are not to deal with questions of whether a finding or award was supported by a preponderance of the evidence, *Fralish v. Royal Indem. Co.,* 53 Ga. App. 557 (186 SE 567), but

of whether there was any evidence to support it. *Baynes v. Liberty Mut. Ins. Co.*, 101 Ga. App. 85 (112 SE2d 826); *Davidson v. Fidelity &c. Co.*, 108 Ga. App. 51 (131 SE2d 863). A change of condition was shown, but not a change consistent with the award.

The court did not err in reversing the award of the board and in remanding the case with direction that an award be made for the claimant.

*Judgment affirmed. Eberhardt and Russell, JJ., concur.*