40613.   HARTFORD ACCIDENT & INDEMNITY
COMPANY et al. v. WEBB.

JORDAN, Judge.   This is a workmen's compensation case.   On July 23, 1959, the claimant injured his back in an accident arising out of and in the course of his employment.   The parties entered into an agreement for the payment of compensation for said injuries under which the claimant was to receive compensation in the amount of $30 a week based on an average weekly wage of $56 from and including July 30, 1959, until terminated in accordance with the provisions of the Workmen's Compensation Act.   This agreement was approved by the board on October 8, 1959.   On the same date, October 8, 1959, the board approved a. Supplemental Memorandum of Agreement between the parties which stated that the claimant returned to work on August 31, 1959, at a weekly wage of $56 and that the claimant again became totally disabled on September 4, 1959.   This agreement provided that the claimant was to be paid compensation at the rate of $30 a week "until temporary disability ceases or return to work." On September 28, 1960, the board received a final settlement receipt which recited that the claimant returned to work on August 29, 1960, at a weekly wage of $56.   This receipt was neither approved nor disapproved by the board.

The claimant, while employed by the same employer, on February 2, 1961, injured his right arm in a second accident arising out of and in the course of his employment; and the parties entered into an agreement for the payment of compensation in the amount of $30 per week based on an average weekly wage of $57 from and including February 9, 1961, and to continue until terminated in accordance with the law.   This agreement was approved by the board on February 14, 1961. On January 23, 1962, the board issued an award based on a stipulation between the parties which provided for the payment of compensation for a 50.5 percent loss of use of the right arm in the amount of $15.78 per week beginning April

20, 1961, and continuing for 200 weeks. The claimant was granted a lump sum payment of compensation under this award.

On January 23, 1963, a hearing was had on application of the claimant to show a change in condition as to the injury to the claimant's back resulting from the accident suffered by the claimant on July 23, 1959. The full board on review of the award in favor of the employer by the deputy director found: (1) that the liability imposed upon the employer and carrier under the Supplemental Memorandum of Agreement approved by the board on October 8, 1959, was still outstanding since said liability had not been terminated by an award of the board based either on stipulation or a hearing; (2) that the Supplemental Memorandum of Agreement was res adjudicata and the burden of proof was on the employer and carrier to show a change in condition from the facts agreed to and the liability created in said agreement and award; and (3) that the employer and carrier did not show a change in the claimant's condition. The board then entered an award for the claimant, giving credit to the employer for wages paid the claimant and for compensation awarded the claimant for the partial loss of use of his right arm.

This award was affirmed by the Superior Court of Gordon County, and the exception is to that judgment. *Held:*

1. "That an employee has suffered an injury compensable under the terms of the Workmen's Compensation Act may be conclusively established by an agreement filed with and approved by the compensation board, *Code* § 114-705, or by an award of the board after hearing evidence, *Code* §§ 114-706—114-708. Regardless of which of these two methods is employed, it is a decision or judgment of the compensation board which must be complied with until it is superseded by a new award. *Home Accident Ins. Co. v. McNair*, 173 Ga. 566 (1b) (161 SE 131); *Lumbermen's Mut. Cas. Co. v. Cook*, 195 Ga. 397 (24 SE2d 309). Until it is so changed or modified in the manner and way provided by the compensation Act, it has the same force and effect as the decision or judgment of any other tribunal known to our system of jurisprudence. *Rourke v. U. S. Fidelity &c. Co.*, 187 Ga. 636, 638 (1 SE2d 728). The compensation Act contains no provision which automatically cancels an award which the board has made to an employee for a compensable injury; but it does make

ample provision for a review of the award when there is a change in the condition of the employee. *Code Ann.* § 114-709." *Guess v. Liberty Mut. Ins. Co.,* 219 Ga. 581 (134 SE2d 783). "The original award is conclusive on both the employer and employee as to the extent of the disability of the employee, as found by the commission in such award, and as to the continuance thereof until superseded by a new award." *Home Accident Ins. Co. v. McNair,* 173 Ga. 566 (1b), supra. "The only provision of law for further consideration of a case thus disposed of by an approved agreement is a review upon a change in condition, as provided in the *Code,* § 114-709. The inquiry authorized by law to be made on the review is strictly limited to a change in condition. The condition as it existed at the time of the agreement is settled by that agreement, and cannot be redetermined upon the review." *Lumbermen's Mut. Cas. Co. v. Cook,* 195 Ga. 397, 400, supra; *Sears, Roebuck & Co. v. Wilson,* 215 Ga. 746, 751 (113 SE2d 611); *James v. General Motors Corp.,* 107 Ga. App. 588, 591 (131 SE2d 58).

2. Accordingly, where, as here, an award of compensation has been entered by the board in favor of the claimant and is still outstanding (the liability against the employer created by said award not having been terminated by a new award of the board based either on stipulation of the parties or a hearing), said award is conclusive as to the disability of the claimant and the continuance thereof; and the burden of proof is on the employer to show a change in condition of the claimant which would authorize the board to make a new award ending or diminishing the compensation previously awarded. *Amerson v. Employers Ins. Co. of Alabama,* 105 Ga. App. 336 (124 SE2d 496); *Clay v. Aetna Cas. &c. Co.,* 102 Ga. App. 498 (116 SE2d 686); *General Accident Fire &c. Assurance Corp. v. Teal,* 100 Ga. App. 314 (1) (111 SE2d 113); *National Surety Corp. v. Nelson,* 99 Ga. App. 95 (2) (107 SE2d 718).

3. The full board in its award properly held that the burden of proof was upon the employer to show a change in the claimant's condition and said award was not erroneous for any reasons assigned. The superior court did not err therefore in affirming said award.

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*

DECIDED APRIL 20, 1964—REHEARING DENIED MAY 6, 1964.

*Woodruff, Savell, Lane & Williams, John M. Williams,* for plaintiff in error.

*John D. Edge,* contra.