41023. EMPLOYERS LIABILITY ASSURANCE CORPORATION et al. v. WHITLOCK.

DECIDED MARCH 10, 1965—REHEARING DENIED MARCH 31, 1965.

*Woodruff, Savell, Lane & Williams, John M. Williams, Lawson Cox,* for plaintiff in error.

*Merritt & Pruitt, Glyndon C. Pruitt,* contra.

FELTON, Chief Judge. After the claimant was injured he went back to work twice before he was fired because he could not do the work he did before he was injured. The fact that each time the claimant went back to work he signed an agreement reciting "that liability for temporary total disability ceased on" the day he returned to work and this agreement was approved by the board, does not amount to a finding or an award that total disability itself had ceased but merely that the employer, while the claimant was employed at his usual wage, was not liable for disability payments. Payments of compensation were due under the last approved agreement therefor and continue thereunder until changed because of a change in condition or otherwise except that no compensation is due while the employee is back at work receiving as much as before the injury. In this case the employee went back to work doing light work, was put back to heavy work and was discharged because he could not do it. In such case payments should have been resumed immediately upon his being discharged and paid until the employer moved for a change in the award due to a change in condition. Even though the claimant filed for a change in condition the burden was on the employer to show that the claimant was no longer totally disabled as shown by the approved agreement providing for compensation. While the claimant testified he could do insignificant light work and the doctor testified that he "might" do selective light work, the claimant testified that all he was able to do was sit at home and do nothing and that he had not tried to get light work. This testimony authorized the finding that the claimant was still totally disabled. There is no evidence that the employee refused to perform light work suitable to his condition which the employer had offered him. While the court erred in dating the compensation due from the time the claimant filed for a hearing on change in condition, there was no cross bill excepting to that finding as error on the ground that the compensation should have been ordered from the time of the discharge of

the claimant. *General Accident Fire &c. Assurance Corp. v. Teal,* 100 Ga. App. 314 (111 SE2d 113); *Complete Auto Transit Inc. v. Davis,* 101 Ga. App. 849 (115 SE2d 482); *Liberty Mut. Ins. Co. v. Archer,* 108 Ga. App. 563 (134 SE2d 204).

Rulings—to the effect that a finding that an employee has experienced a change in condition cannot be made retroactive to a time prior to the date when an application for a hearing on change in condition was filed with the board—do not apply in this case because here the employer was bound to continue payments under the agreement to pay compensation and the employee was under no duty to try to enforce his rights by filing for a hearing on the ground of change in his condition.

The court did not err in affirming the award granting compensation.

*Judgment affirmed. Nichols, P. J., Bell, P. J., Hall, and Pannell, JJ., concur. Frankum, Jordan, Eberhardt and Russell, JJ., dissent.*

FRANKUM, Judge, dissenting. After careful consideration of the record in this case and the authorities which I deem to be controlling, I must dissent from the judgment of affirmance and from the rulings made in the opinion. It is fundamental that in a workmen's compensation case the burden is upon the claimant in the first instance to show all of the essential facts necessary to entitle him to compensation. *Johnson v. St. Paul-Mercury Indem. Co.,* 89 Ga. App. 1 (78 SE2d 262); *Rivers v. Travelers Ins. Co.,* 93 Ga. App. 779 (1) (92 SE2d 818); *Dept. of Revenue v. Graham,* 102 Ga. App. 756, 758 (2) (117 SE2d 902). Where an award of compensation has been terminated in one of the ways provided by law, upon the hearing of an application by the employee for additional compensation on account of a change in condition, the burden is likewise upon such employee to show a change in his physical condition and earning capacity which will authorize the award of additional compensation. *Baker v. Liberty Mut. Ins. Co.,* 103 Ga. App. 100 (2) (118 SE2d 386).

The majority opinion, while not expressly so stating, in effect authorizes the board to completely disregard a previously approved agreement terminating compensation. This constitutes

a startling departure from previously well-established principles enunciated by both the Supreme Court and this court and goes further in relieving the employee of the consequences of his solemnly executed agreements which have been approved by the board than the courts have ever gone before, and, insofar as the opinion and judgment of this court is subject to this interpretation, establishes an unsound precedent which will be productive of far more evil than the supposed evil it is designed to eliminate. An agreement between the claimant and the employer, duly signed by the parties and approved by the board, is, in the absence of fraud, accident or mistake, conclusive as to the matters agreed upon, and the approval by the board of the agreement has the same legal effect as an award of the board made after a hearing of the issues. *Ga. Marine Salvage Co. v. Merritt*, 82 Ga. App. 111, 114 (1) (60 SE2d 419); *Arnold v. Indemnity Ins. Co.*, 94 Ga. App. 493 (2) (95 SE2d 29); *National Union Ins. Co. v. Mills*, 99 Ga. App. 697, 698 (109 SE2d 830); *Sears, Roebuck & Co. v. Wilson*, 215 Ga. 746, 752 (113 SE2d 611). The legal effect of an award made after the hearing on the issues which grants or denies compensation is that it is res judicata as to the extent of the employee's disability up to and including the time of such hearing. *Wiley v. Bituminous Cas. Co.*, 76 Ga. App. 862, 863 (3) (47 SE2d 652); *Ga. Marine Salvage Co. v. Merritt*, 82 Ga. App. 111, supra; *Manus v. Liberty Mut. Ins. Co.*, 100 Ga. App. 289 (1) (111 SE2d 103); *Liberty Mut. Ins. Co. v. Morgan*, 199 Ga. 179, 181 (33 SE2d 336). Under repeated rulings of both this court and the Supreme Court, the force and effect of such an award (or of an approved agreement) can *only* be changed by the board after a hearing had on application claiming a change in condition. *Arnold v. Indemnity Ins. Co.*, 94 Ga. App. 493, supra; *Lumbermen's Mut. Cas. Co. v. Cook*, 195 Ga. 397, 400 (24 SE2d 309); *Cardin v. Riegel Textile Corp.*, 217 Ga. 797, 799 (1) (125 SE2d 62). When such an application is made to the board the only inquiry authorized by law to be made by the board is strictly limited to a change in condition, *Arnold v. Indemnity Ins. Co.*, supra, *Hartford Acc. &c. Co. v. Webb*, 109 Ga. App. 667, 669 (1) (137 SE2d 362), *Sears, Roebuck & Co. v. Wilson*,

215 Ga. 746, supra, and "the condition as it existed at the time of the agreement is settled by that agreement, and can not be redetermined upon the review." *Lumbermen's Mut. Cas. Co. v. Cook,* 195 Ga. 397, 400, supra. To the same effect see also *Manus v. Liberty Mut. Ins. Co.,* 100 Ga. App. 289, supra. The binding force and authority of the rules just stated are neither abrogated, modified nor weakened by the provisions of *Code Ann.* § 114-706, authorizing the board to hold a hearing on the application of either party, which is limited in its application to those cases where the parties have failed to agree as to the payment or discontinuance of compensation. Where the parties have agreed as to those matters and that agreement has been approved by the board, *Code Ann.* § 114-706 is not applicable. *Arnold v. Indemnity Ins. Co.,* 94 Ga. App. 493 (4), supra.

In the instant case no contention was made by the claimant that the agreement terminating compensation signed by him and by the representative of the insurance carrier was obtained by fraud, accident or mistake such as to authorize the agreement to be set aside on those grounds. For these reasons the ruling contained in the majority opinion that payments of compensation continued to be due the employee under the last approved agreement for the payment of compensation, notwithstanding that the employee and insurance carrier had entered into a further agreement terminating compensation, which further agreement had been approved by the board, is to my mind, clearly contrary to law as enunciated by the authorities which I have hereinabove cited. Moreover, this ruling is, in my view, totally unnecessary to the accomplishment of the results reached in this case, that is, the affirmance of the award as modified by the superior court, because the award under review was entered after a hearing on an application filed by the claimant contending that he had undergone a change in condition, and the deputy director and the full board so found. The superior court affirmed that finding, but ordered that the award be modified to fix the effective date for the resumption of the payment of compensation as of August 17, 1963, the date the employee's application for a hearing on account of a change in condition was filed, rather than August 5, 1963, the date he was discharged. This

was consonant with the rulings made in authorities hereinabove cited. The judgment of the majority merely affirms the judgment of the superior court in this regard.

I cannot agree with that result, though, because I do not think it was authorized by the evidence. The sole question which the board had to consider on the hearing requested by the claimant was whether or not he had undergone a change in condition sufficient to authorize an award directing the payment of further compensation on account of a change in condition. Such a change in condition as is referred to by the Act, means a change in the physical condition of the employee subsequent to the entering of an award or approved agreement. *Ga. Marine Salvage Co. v. Merritt,* 82 Ga. App. 111 (1b), supra. The award of compensation here was made under the provisions of *Code Ann.* § 114-404, and in order to authorize an award of compensation under that section, it must be shown that the employee's loss of earning capacity is total. This, to my mind, the claimant's evidence wholly failed to show. The medical testimony adduced showed without dispute that the claimant was able to do light work in July prior to the date he entered into the agreement in question, and that there was little change, if any, in his condition in November thereafter. The whole effect of the claimant's testimony was simply that he had exercised bad judgment in entering into the agreement approved by the board on August 5, 1963, which declared that he was able to return to work at the same wage, and that he, in fact, was not then able to do the work he had done before. An award granting additional compensation on account of a change in condition based on such evidence is directly contrary to the authorities hereinbefore cited, and it cannot be sustained, in my opinion, on any theory of law. I would, therefore, reverse the judgment of the superior court affirming the grant of compensation based on total disability.

I am authorized to state that Judges Jordan, Eberhardt and Russell concur is this dissent.