41233. COMMONWEALTH INSURANCE COMPANY et al. v. ARNOLD.

Argued April 5, 1965—Decided May 19, 1965— Rehearing denied July 27, 1965.

*Smith, Ringel, Martin & Lowe, Williston C. White,* for plaintiffs in error.

*Ewing & Williams, Lee R. Williams,* contra.

FELTON, Chief Judge. 1. Payments of compensation were due under the original approved agreement therefor up until the date of the filing of the application for a change in the award based upon a claimed change in condition, except that no compensation was due while the claimant was back at work receiving as much as before the injury; liability for payment of compensation resumed immediately and automatically upon the claimant's discharge and, even though the application was filed by the claimant, the burden was on the employer to show that the claimant was no longer disabled as shown by the approved agreement providing for compensation. *Employers Liab. Assur. Corp. v. Whitlock,* 111 Ga. App. 440 (142 SE2d 77). Neither the supplemental memorandum of agreement as to payment of compensation nor the final settlement receipt, filed with the board when the claimant returned to work, was effective to permanently terminate liability for payments under the original approved agreement, as would a new award based on medical evidence of the claimant's change in condition. "This court has already held that the mere fact of an employee's going back to work does not conclusively show that he has recovered from an injury. *Bell v. Liberty Mut. Ins. Co.,* 108 Ga. App. 173 (132 SE2d 538). Neither does merely going back to work show a change in condition for the better." *Liberty Mut. Ins. Co. v. Archer,* 108 Ga. App. 563, 564 (134 SE2d 204).

The principle in respect to res judicata as to the binding effect of an agreement between the parties approved by the board as urged by the dissent in *Employers Liab. Assur. Corp. v. Whitlock,* 111 Ga. App. 440, supra, is not applicable to an agreement and final settlement receipt, as we have in this case, which is presumably based solely on the fact that the employee went back to work and earned as much as before the injury. The approval of such agreements is a practice by the board to accomplish indirectly what this court has held in the cases cited above it cannot do directly, to wit, hold that a return to work at the same or higher wages is conclusive as to the fact of com-

plete recovery insofar as ability to work and earn compensation is concerned. In order for such an agreement as is here involved to be binding as res judicata, the board should pass an order or have the agreement state that it is based on a thorough investigation of the employee's condition at the time he returns to work. Otherwise, employees who wish to try to return to work even on a trial basis would be discouraged from doing so because of the fear that, if it turned out that they were not able to continue to work at a wage equal to their former wage, they would completely forfeit their claim to all compensation if they could only do light work at a lesser wage or no work at all. Such a result is too harsh to be tolerated based on a superficial agreement having no basis in fact except that of a mere return to work at the same or higher wage.

The deputy director's award in favor of the defendants was, therefore, based on the erroneous theory of law that the burden of proof was on the claimant; therefore the court did not err in reversing the award insofar as the period from the date of the claimant's discharge, June 24, 1963, to the date of his filing of the application for a hearing as to a change in condition, November 22, 1963, is concerned, since the payments for this period were due under the approved agreement, as was held in the *Whitlock* case, supra.

2. As was indicated in Division 1, hereinabove, the award of the board was based upon the erroneous legal theory that liability for compensation was finally terminated when the claimant returned to work at no loss in wages and that the burden of proof of any further compensable disability subsequent to that time was on the claimant. "Where it affirmatively appears from the award in a workmen's compensation proceeding that said award is based upon an erroneous legal theory, and that for such reason the board or hearing director has not considered all of the evidence in the light of correct and applicable legal principles, the case should be remanded to the board for further findings." *Barbree v. Shelby Mut. Ins. Co.,* 105 Ga. App. 186, 187 (123 SE2d 905), and cases cited. For some of the cases in which awards of the board have been reversed because they were based upon an erroneous theory of

law as to the party having the burden of proof, see *American Cas. Co. v. Herron,* 100 Ga. App. 661, 662 (4) (112 SE2d 160); *Complete Auto Transit, Inc. v. Davis,* 101 Ga. App. 849 (115 SE2d 482); *Baker v. Liberty Mut. Ins. Co.,* 103 Ga. App. 100, 101 (2) (118 SE2d 386); *Amerson v. Employers Ins. Co.,* 105 Ga. App. 336 (124 SE2d 496). "This court cannot say that the deputy director's confusion as to the applicable principles of law did not enter into his decision and improperly influence the findings which he made." *Ocean Accident &c. Corp. v. Bates,* 104 Ga. App. 621, 624 (122 SE2d 305). The award, though possibly supported by some evidence—and this question is not passed upon—was based on an erroneous theory of law and was properly reversed by the superior court, although the court's judgment was based upon the same erroneous theory and merely held that the evidence showed that the claimant had suffered a change in condition.

The judgment of the superior court is, therefore, affirmed with direction that it be modified so as to remand the case to the State Board to afford the deputy director an opportunity to make findings of fact and enter an award upon consideration of the applicable principle of law, as herein indicated.

*Judgment affirmed with direction. Jordan and Russell, JJ., concur.*