41535. AMERICAN MUTUAL LIABILITY INSURANCE COMPANY et al. v. CHANDLER.

ARGUED SEPTEMBER 8, 1965—DECIDED NOVEMBER 2, 1965.

*Jay Gardner, Adams, Adams & Brennan, Edward T. Brennan, Julian R. Friedman,* for plaintiffs in error.

*Cowan, Zeigler, Downing & McAleer, Frank O. Downing, Richard T. Cowan,* contra.

JORDAN, Judge. "That an employee has suffered an injury compensable under the terms of the Workmen's Compensation Act may be conclusively established by an agreement filed with and approved by the compensation board, *Code* § 114-705, or by an award of the board after hearing evidence, *Code* §§ 114-706—114-708. Regardless of which of these two methods is employed, it is a decision or judgment of the compensation board which must be complied with until it is superseded by a new award. *Home Accident Ins. Co. v. McNair,* 173 Ga. 566 (1b) (161 SE 131); *Lumbermen's Mut. Cas. Co. v. Cook,* 195 Ga. 397 (24 SE2d 309). Until it is so changed or modified in the manner and way provided by the compensation Act, it has the same force and effect as the decision or judgment of any other tribunal known

to our system of jurisprudence. *Rourke v. U. S. Fidelity &c. Co.*, 187 Ga. 636, 638 (1 SE2d 728). The compensation Act contains no provision which automatically cancels an award which the board has made to an employee for a compensable injury; but it does make ample provision for a review of the award when there is a change in the condition of the employee. *Code Ann.* § 114-709. And under Rule 17 of the compensation board which was adopted pursuant to and in accordance with § 114-709, an employer or his insurance carrier may discontinue payment of an award for disability compensation when the employee returns to work and an application for leave to stop payment of such compensation is granted by the board under the provisions of such rule." *Guess v. Liberty Mut. Ins. Co.*, 219 Ga. 581, 582 (134 SE2d 783).

Rule 17 of the State Board of Workmen's Compensation provides in part as follows: "Compensation cannot be discontinued after an award has been made or an agreement between the parties approved until the full award has been paid. In case the award is made during disability, such disability is presumed to last until the employee returns to work. However, in the event the insurance carrier or employer desires to stop payment of compensation, the insurance carrier or employer must file an application to discontinue the payment of compensation setting forth the reasons and serve notice upon the employee, or file an Application for Hearing with the Board. Upon the request to discontinue the payment of compensation, the Board may issue notice allowing the insurance carrier to stop payment of compensation and will place the case on the calendar for hearing if necessary. An Application for Hearing, except the application for a lump sum award, automatically allows the insurance carrier to stop the payment of compensation until the question at issue has been adjudicated. In the event application is made for hearing on the ground of a change of condition, the application must state specifically the nature and extent of the alleged change in condition. Every Approval of Agreement will be treated as an award."

It is clear that the application for hearing filed by the employer on October 10, 1963, was not based on change in

condition of the claimant but was an application for hearing to discontinue payment of compensation because the employee-claimant had returned to work at the same wages. By change in condition is meant a change in the physical condition of the employee subsequent to the execution of an approved agreement or entry of the original award (*Aetna Cas. &c. Co. v. Dunagan,* 111 Ga. App. 801 (143 SE2d 423); *Georgia Marine &c. Co. v. Merritt,* 82 Ga. App. 111 (60 SE2d 419)), and under Rule 17 of the board, an application for hearing based on change in condition must "state specifically the nature and extent of the alleged change in condition."

This application did not allege that the employee had undergone a change in condition and state the nature and extent of same, and the award entered after a hearing pursuant thereto merely authorized the employer to cease payment of compensation because of the fact that the employee had returned to work at an average weekly wage higher than at the time of injury as alleged in the application for hearing, and did not adjudicate that there had been a change in the physical condition of the employee.

Under our interpretation of this rule, it is apparent that if the employer desires to terminate or alter his *liability* under the original award, as distinguished from a request or application merely to discontinue *payment* of compensation, an application for hearing based on a change in condition must be made, specifically stating the nature and extent of such alleged change in condition. A simple allegation and showing that the employee has returned to work at a wage equal to or greater than when injured, standing alone, is insufficient to authorize and support a hearing and award based on change in the employee's physical condition.

Accordingly, since the original approved agreement was conclusive on the parties as to the disability of the employee until superseded by a new award based on change in condition (*Home Accident Ins. Co. v. McNair,* 173 Ga. 566 (1b), supra; *Lumbermen's Mut. Cas. Co. v. Cook,* 195 Ga. 397, 400, supra; *Sears, Roebuck & Co. v. Wilson,* 215 Ga. 746 (113 SE2d 611); *Guess v. Liberty Mutual Ins. Co.,* 219 Ga. 581, supra), and since the

question of change in condition was not in issue on the first hearing, it necessarily follows that on the subsequent hearing now under review, the burden of proof was upon the employer to show a change in condition of the employee since the execution of the original agreement in order to authorize a new award ending or diminishing the compensation previously awarded and it was only necessary for the employee to show that the employer was no longer entitled to a suspension of payment of compensation benefits for the reasons adjudicated in the first hearing. *Hartford Accident &c. Co. v. Webb,* 109 Ga. App. 667, 669 (2) (137 SE2d 362); *Employers Liability Assurance Corp. v. Whitlock,* 111 Ga. App. 440 (142 SE2d 77); *Nationwide Mut. Ins. Co. v. Hamilton,* 112 Ga. App. 452.

The majority of the full board in its award properly held that the burden of proof was upon the employer to show a change in the claimant's condition and such award was not erroneous for any reasons assigned. The superior court did not err therefore in affirming the award.

*Judgment affirmed. Felton, C. J., and Deen, J., concur.*