## 44790. HARTFORD ACCIDENT & INDEMNITY COMPANY et al. v. CARROLL.

HALL, Presiding Judge. An award dated June 1, 1967, found the claimant partially incapacitated and entitled to partial disability benefits under *Code Ann.* § 114-405. In 1968 the employer requested a hearing to determine a change in condition, contending that the claimant's earnings were now greater than they were at the time of the original award. While there was no evidence of any physical change in condition other than the fact that he is working full time, the board found there was an economic change in condition under the 1968 amendment (*Code Ann.* § 114-709) and *terminated* the original award. The superior court reversed the award on the ground that the 1968 amendment was not retroactive and remanded the case to the board. See *McMullen v. Liberty Mut. Ins. Co.*, 119 Ga. App. 410 (167 SE2d 360) and *Noles v. National Engine Rebuilding Co.*, 119 Ga. App. 833 (169 SE2d 185). The employer contends that only an economic change is required to carry the burden of proof under the law as it existed prior to the 1968 amendment. This contention was without merit at the time the superior court made its ruling. *Liberty Mut. Ins. Co. v. Archer*, 108 Ga. App. 563 (134 SE2d 204); *Commonwealth Ins. Co. v. Arnold*, 112 Ga. App. 140, 141 (144 SE2d 194); *Bell v. Liberty Mut. Ins. Co.*, 108 Ga. App. 173 (132 SE2d 538); *Cardin v. Reigel Textile Corp.*, 217 Ga. 797 (125 SE2d 62). Prior to the 1968 amendment, the employer's remedy in this situation was credit for wages paid rather than termination of the award. *Sears, Roebuck & Co. v. Wilson*, 215 Ga. 746, 752 (113 SE2d 611); *Complete Auto Transit v. Davis*, 106 Ga. App. 369 (126 SE2d 909); *U. S. Fidel. &c. Co. v. Gibby*, 118 Ga. App. 758, 760 (165 SE2d 455).

On December 4, 1969, the previous case law was reversed and the 1968 amendment was rendered meaningless by a split decision (three dissents) of the Supreme Court of Georgia. *Atlanta Coca Cola Bottling Co. v. Gates*, 225 Ga. 824 (171 SE2d 723). Under the law as it exists at the moment of this decision, we have no alternative but to rule that the superior court was in error in reversing the award of the board.

*Judgment reversed. Pannell, J., concurs. Quillian, J., concurs in the judgment only.*

ARGUED OCTOBER 8, 1969—DECIDED JANUARY 16, 1970—
REHEARING DENIED JANUARY 30, 1970—

*Woodruff, Savell, Lane & Williams, Lawson A. Cox,* for appellants.

*Mitchell & Mitchell, D. W. Mitchell,* for appellee.