## 25965. MILLER *v.* INDEMNITY INSURANCE COMPANY OF NORTH AMERICA *et al.*

DECIDED MARCH 17, 1937. ADHERED TO ON REHEARING, APRIL 3, 1937.

*Lewis A. Mills, Lawrence J. Dwyer,* for plaintiff.

*Hester & Clark,* for defendants.

STEPHENS, J.   On May 18, 1934, T. H. Miller was awarded compensation by the Department of Industrial Relations for a 75 per cent. loss of the use of his leg, payable in weekly payments of $5.62½ for a period of 175 weeks.   Afterwards, on April 13, 1936, one of the directors of the Department of Industrial Relations, in passing upon the claimant's application for additional compensation on the ground of a change in condition, found that the claimant's disability was 100 per cent., and awarded the claimant an additional compensation for a 25 per cent. disability, which, when added to the 75 per cent. disability represented by the first award, and which had been paid, with the possible exception of the final payment, made a total award of compensation for a 100 per cent. disability.   On the hearing for additional compensation on the ground of a change in condition, it appeared conclusively and without dispute, from the evidence consisting of the testimony of two witnesses who had testified at the former hearing in which the claimant had been awarded compensation for a 75 per cent. disability, as follows:   Dr. Crawford testified, that at the former hearing he thought probably during the course of time the fibrous union which the claimant had, the ankylosis of the knee, would heal, and the claimant would probably get a good deal more function; that on this ground the witness based the opinion on the former hearing that the claimant had a 75 per cent. or 90 per cent. disability; that as a result of an examination made a few days ago the witness finds that the claimant has no movement at all, and that from the standpoint of the claimant's present occupation, which is that of a retail shoe clerk, his disability is total; that the claimant has reached the maximum improvement, that he had a total disability when the witnesses examined him the first time (which was before the former trial), but that the witness based his opinion at the former hearing as to the claimant's 75 per cent. disability on the fact that in the course of time the witness thought the claimant would get "movement of the knee;" that the claimant has had no actual change in condition since the last hearing, and the situation is now exactly the same as it was

then; that the witness's opinion at the former hearing was based on the fact that in the course of time "a lot of these fibrous ankyloses" would heal some, but that in this case the claimant has had no improvement at all; that at the time of the last hearing the claimant had a 75 per cent. or 90 per cent. disability, based on the fact that the witness thought the claimant would get some recovery, which he has not; that his present condition is the same as when the witness testified at the last hearing; and that in the witness's opinion the claimant now has a 100 per cent. total incapacity. Dr. Quattlebaum testified that the claimant's "general physical condition" has improved since the former hearing, that there has not been any change for the worse in the condition of his leg since the former hearing, that his disability "would eventually approximate 75 per cent." was the witness's estimate, and "was a prognosis on the ultimate disability" that the claimant would suffer, "and not at the time, not what it was at that time;" that this was the extent of disability which the witness thought the disability would be at the time when the claimant reached his maximum improvement, that the claimant has never improved to the extent where his disability was 75 per cent. The witness further testified: "The first time we thought we would get a pretty good leg. As time went on we found out we would not, and we thought then we would get a part of a leg, but now we find out he has no leg at all, and I don't know why." The claimant testified that the last time he was in the hospital, which was after the former trial, Dr. Quattlebaum treated him, that there had been no change in his condition since the last trial so that he could use his leg; that at the time of the former hearing he could not use the leg, the plaster cast had the leg irritated, it took the leg a good while to heal and after that it felt better.

The director found as follows: "This director finds as a matter of fact that the award of the full board of 75 per cent. loss of the use of Mr. Miller's leg was then and there the correct percentage of loss of function Mr. Miller had in his leg as a result of said accidental injury for which additional compensation is asked. The director finds further, from the evidence, that the claimant has a total loss of use of said leg as a result of said accidental injury." The director awarded the claimant compensation for a 25 per cent. disability, in the sum of $1.87½ a week

for a period of 175 weeks, the compensation payments to start on January 8, 1936. The appeal of the insurance carrier and the employer, in which the award was excepted to on various statutory grounds, was sustained and the award reversed and set aside by the superior court on the express ground that there appeared no change in the condition of the claimant since the award of the Department of Industrial Relations on May 18, 1934.

1. Where an employee has suffered a compensable injury from a broken leg, and his disability therefrom is total, but where it appears from the physical condition of the injury that there is a possibility of improvement and a reduction of the disability from a total disability to a partial disability of 75 per cent., and where the Department of Industrial Relations, in passing on the employee's claim for compensation, awards compensation for a 75 per cent. disability, and where it afterwards appears from the claimant's physical condition resulting from the injury that the disability is total, and that there is no possibility of a reduction in the disability, there is a change in condition from that in which the injury was total with a possibility of reduction of disability to that in which the injury is total with no possibility of reduction in the disability. An award afterward made for a total disability on the ground of a change in condition, where the evidence adduced on the hearing is as above indicated, which finds that the claimant has suffered a total disability, and awards compensation for a 25 per cent. disability after allowing credit for the payment made to the claimant under the former award for a 75 per cent. disability, is not contrary to law and without evidence to support it, on the ground that there has been no change in condition. This ruling is not in conflict with Ætna Life Insurance Co. v. Davis, 172 Ga. 258 (157 S. E. 449), where it was held that after an award denying compensation there can be no award afterwards made on the ground of a change in condition. In that case there had been an adjudication that the claimant was not entitled to compensation; whereas in the case now before the court there has been an adjudication that the claimant is entitled to compensation. The claimant is not afterwards precluded from obtaining additional compensation as provided under section 45 of the workmen's compensation act (Code, § 114-709), where there has been a change in condition.

■ The evidence authorized the finding that there had been a change in the claimant's condition, which showed an additional 25 per cent. disability, and the director of the Department of Industrial Relations was authorized so to find and to award additional compensation. The claimant was entitled to the additional compensation for a 25 per cent. disability for a period of 175 weeks, as provided in section 32 of the workmen's compensation act. Code, § 114-406. The claimant is entitled to such additional compensation for a period of 175 weeks, in addition to the compensation already awarded for a 75 per cent. disability for 175 weeks.

■ The judge erred in sustaining the appeal brought by the employer and the insurance carrier.

*Judgment reversed. Felton, J., concurs. Sutton, J., dissents.*

SUTTON, J., dissenting. Where,. as in the present case, on a hearing before the Department of Industrial Relations, the evidence shows that the claimant is totally disabled, but the department makes an award of only 75 per cent. total disability, such award is binding where not appealed from, and can not be changed by an application for additional compensation on the ground of a change in condition, under section 45 of the workmen's compensation act, where the evidence on such latter hearing is that the claimant is totally disabled and his condition then is the same as it was when the first hearing was had. If the claimant is not. satisfied with the award as made, his remedy is by appeal therefrom, as provided by the act; and he can not have such award changed or additional compensation awarded, on an application based on a change in condition, where the evidence on the latter hearing shows that there has been no change in his condition from that which existed on the former hearing. A change in condition means a different condition from that existent when the award was made; and a continued incapacity. of the same kind and character, and for the same injury, is not a change in condition. See *Fralish* v. *Royal Indemnity Co., 53 Ga. App.* 557 (186 S. E. 567), and cit.; Sei *v.* Guthrie (Mo. App.), 50 S. W. (2d) 664, 666; State ex rel. Sei *v.* Haid, 332 Mo. 1061 (61 S. W. (2d) 950). In my opinion, the finding of the department that there was a change in the physical condition of the claimant was without evidence to support it, and the judgment of the superior

court was correct in reversing that finding, and that judgment of reversal should be affirmed.