### 38856. U. S. FIDELITY & GUARANTY COMPANY *et al.* v. WILSON.

TOWNSEND, Presiding Judge. 1. While it is true that where, on a hearing in a workmen's compensation case based on change of condition, it appears that the claimant's condition has not changed he cannot prevail, although the first award gave him a rating of disability less than he actually suffered (*Georgia Marine Salvage Co. v. Merritt*, 82 Ga. App. 111

(1b), 60 S. E. 2d 419) yet it is also true that if the claimant's condition has in fact changed for the worse as shown by competent evidence he will be entitled to a new award even though under his own testimony he was totally disabled at the time of both hearings. It has been frequently held that a witness who is not a medical expert is not even competent to testify as to whether or not his injuries are permanent in character. *Cone v. Davis*, 66 Ga. App. 229 (5) (17 S. E. 2d 849). This claimant did testify that his condition was worse at the time of the second hearing; although his other testimony related to the same complaints and the same total degree of incapacity as the testimony which he gave at the first hearing, that fact alone would not preclude an award in his favor otherwise supported by competent evidence that his condition had in fact deteriorated.

2. The first hearing of this case resulted in a finding by the board that the claimant suffered a disability of 42½%. The claimant thereafter asked for a hearing based on change of condition, at which time his medical witness testified that in his opinion the claimant's condition was worse and that he was totally and permanently disabled. This same witness had offered evidence at the first hearing that the claimant was at that time temporarily totally disabled but would improve within five or six months, which prognosis he admitted to have been in error at the second hearing. This testimony, coupled with that of the claimant that his physical condition had deteriorated in certain specified particulars, was sufficient evidence to support an award finding a change of condition from partial to total disability. See *Miller v. Indemnity Ins. Co.*, 55 Ga. App. 644, 647 (190 S. E. 868).

3. Workmen's compensation laws are liberally construed to effectuate the beneficent purposes intended. Our *Code* § 114-405 provides that when a period of temporary disability follows a period of total disability, amounts paid under the former shall be included within the latter in determining the maximum period of 350 weeks during which compensation for partial disability may be paid. *Code* § 114-404 provides that in cases of total disability the period covered shall not be greater than 400 weeks, nor shall the total amount of compensation exceed $10,000, but does not spell out the procedure where a period of partial disability is fol-

lowed by a period of total disability. In such event, it seems that the converse of the rule set out in *Code* § 114-405 would apply; that is, where as here claimant was paid for 104 weeks of permanent disability, followed by 144 weeks of partial disability, and was then adjudged totally and permanently disabled, the maximum number of weeks for which he can collect compensation is 400 weeks, regardless of whether payments were made for partial rather than total disability during a part of the time, and provided that there is no subsequent change of condition and that the total amount does not exceed $10,000. In determining the total number of weeks of compensation remaining, the total number of weeks of compensation paid, whether for partial or total incapacity, would be subtracted from the maximum of 400 weeks, but not to exceed the maximum amount set by statute.

4. As pointed out by the judge of the superior court, the board in figuring the remaining number of weeks of compensation also made an error of computation by reason of the fact that 27 weeks, first paid as partial disability, and later ordered paid as for total disability, were figured twice. The judgment of the superior court recommitting the case to the board for the purpose of refiguring the number of weeks of compensation remaining for total permanent disability was without error.

*Judgment affirmed. Frankum and Jordan, JJ., concur.*

DECIDED MAY 12, 1961.

*Bryan, Carter, Ansley & Smith, M. D. McLendon,* for plaintiffs in error.

*Rose & Lappas, Frank P. Lappas,* contra.