### 41161.   MAGNUS METALS DIVISION OF NATIONAL LEAD COMPANY v. STEPHENS.

JORDAN, Judge.. Eugene A. Stephens was injured in the course of his employment on September 30, 1960, when he slipped and fell while removing a hoop from a barrel, and a compensation agreement was entered into by the claimant and his employer. This agreement, which was approved by the State Board of Workmen's Compensation on October 31, 1960, stated that claimant had sustained a contusion with acute

muscular and ligamentous strain of the low back and provided for the payment of compensation at the rate of $30 per week based upon an average weekly wage of $58.76 from October 7, 1960, until terminated in accordance with the provisions of the Georgia Workmen's Compensation Law. Compensation was paid under this agreement for those periods when the claimant was unable to work until May 13, 1961, at which time the employer filed an application for a hearing based on change in condition.

A hearing on the employer's application was held on June 28, 1961, and the testimony of the claimant was the sole evidence presented. He testified, in summary, that he was still disabled and although he had worked "off and on" since November, 1960, he was not then working and had been hospitalized for his back condition a short time prior to the hearing. The record disclosed that the claimant had returned to work and was working at the time of the filing of the employer's application for hearing. On October 5, 1961, the hearing director entered an award in which he found that the claimant had returned to work and that the employer had carried the burden of proving a change in condition which authorized the termination of compensation. No appeal was taken from this award by the claimant.

Subsequently, on June 19, 1962, the claimant filed an application for resumption of compensation based on change in condition and a hearing was held on August 2, 1962. At this hearing the claimant testified that his condition was worse than it had been in June of 1961. On cross examination, however, he testified that his condition had improved and was actually better than at the time of the hearing in June 1961; but that he was still unable to work and had not worked since June 1961. He testified that he had been hospitalized in February 1962, and that an operation had been performed on his back.

The testimony of the claimant's medical witness disclosed that he had first examined the claimant in connection with his back condition on March 1, 1962, and that he had assisted in a spinal fusion operation performed on March 9, 1962, in which the fifth lumbar vertebra and the first sacral vertebra of the claimant's spine were fused. He testified that this operation had been performed to relieve pain caused by a degenerative arthritic condition in the claimant's spine which

in his opinion was caused by the claimant's accident of September 30, 1960. The witness further testified that the claimant's condition had improved immediately after the operation but had gradually deteriorated thereafter and that the degenerative arthritic condition was now present between the fourth and fifth lumbar vertebrae and that further surgery was necessary to fuse that portion of the spine. The witness testified that in his opinion the claimant was 100 percent disabled and totally unable to do any manual labor.

The employer's medical witness testified that he had seen the claimant for the first time in August 1962, that he examined him and found him in pain, and that in his opinion the claimant was 50 percent disabled and was unable to do any heavy labor or physical movement except the normal movements to attend to his personal needs.

On April 14, 1964, the hearing director issued an award in which he found that a change in claimant's condition had been shown and ordered the employer to resume the payment of compensation. This award was affirmed by the full board, and on appeal to the Superior Court of Fulton County the award of the full board was affirmed.

The exception is to that judgment, it being contended by the employer that, notwithstanding the award of October 5, 1961, terminating the payment of compensation based on change in condition, the evidence adduced at the hearing of June 28, 1961, upon which that award was predicated, disclosed that the claimant was unable to work at that time; and that therefore, a finding was demanded that there had been no change in condition subsequent to the 1961 award. *Held:*

By "change in condition" is meant a change in the physical condition of the claimant subsequent to the entering of the award; and where on a hearing based on change in condition, it appears that the claimant's condition has not changed for the worse since the previous award, he cannot prevail even though the previous award gave him a rating of disability less than he actually suffered or erroneously denied him compensation altogether. *Georgia Marine Salvage Co. v. Merritt*, 82 Ga. App. 111 (60 SE2d 419). However, "if the claimant's condition has in fact changed for the worse as shown by competent evidence he will be entitled to a new award even though under his own testimony he was totally disabled at the time of both hearings . . . [T]hat fact

alone would not preclude an award in his favor otherwise supported by competent evidence that his condition had in fact deteriorated." *U. S. Fidelity &c. Co. v. Wilson,* 103 Ga. App. 674, 675 (120 SE2d 198).

The testimony of the claimant's medical witness authorized a finding that the claimant's physical condition had in fact changed for the worse subsequent to the award of October 5, 1961; and the record disclosed that the claimant had been totally unable to work since the date of the previous award whereas the evidence adduced on the hearing of June 1961 disclosed that the claimant had been able to work "off and on" prior to that hearing.

Accordingly, under the decision of this court in the *Wilson* case, supra, an award in the claimant's favor was authorized since it was supported by competent evidence that a change in physical condition for the worse had occurred subsequent to the previous award irrespective of the fact that the claimant had testified at both hearings that he was unable to work. Where there is any competent evidence to support the award, it must be affirmed by this court.

*Judgment affirmed. Felton, C. J., and Russell, J., concur.*

DECIDED MARCH 16, 1965—REHEARING DENIED MARCH 31, 1965.

*Woodruff, Savell, Lane & Williams, John M. Williams,* for plaintiff in error.

*Paul C. Myers,* contra.