42040, 42043. EMPLOYERS INSURANCE COMPANY OF ALABAMA et al. v. WRIGHT; and vice versa.

Argued June 8, 1966—Decided June 14, 1966— Rehearing denied June 29, 1966.

*Powell, Goldstein, Frazer & Murphy, Frank Love, Jr., Warner R. Wilson, Jr.,* for appellants

*Albert P. Feldman,* for appellee.

HALL, Judge. 1. The appellants contend that there was no evidence to support the board's award and the evidence demanded a finding that any disability suffered by the claimant since the previous award was not caused by any injury she received in the accident upon which that award was based.

The effect of the physician's testimony at the first hearing was that, while the claimant should no longer be disabled because of her physical injury caused by the accident (a rape), the emotional trauma could still affect her and be disabling. The hearing director and board found that her disability from employment had ceased on the date of the hearing and awarded her benefits to that date. The same physician's testimony on the change of condition hearing was to the effect that the claimant had not recovered from her emotional trauma and that this, in a woman of her age, could make worse disabling conditions than she otherwise would have, and that her physical condition had become progressively worse after the injury.

The question presented is whether the evidence supports a finding that a change in the claimant's condition due to the accident has occurred since the previous award. *Baker v. Liberty Mut. Ins. Co.,* 103 Ga. App. 100, 101 (118 SE2d 386). The evidence, including that outlined above, is sufficient to support a finding that, though the claimant may have had physical disabilities prior to and continuing after the accident, after the first award she became disabled from employment to some extent because these pre-existing conditions were aggravated by the still present emotional injury caused by the accident, and the evidence does not demand a finding that the claimant's disability was a result of her physical condition unaffected by that emotional injury. *Baker v. Liberty Mut. Ins. Co.,* supra.

The previous award is conclusive of the fact that the claimant was disabled because of the accidental injury until the date of the hearing and that her disability had ceased on that date; it does not establish that disability caused by that injury, which according to the medical testimony at both hearings included

the effects of emotional trauma, could not recur in the future. Psychological disability is compensable. *Indemnity Ins. Co. v. Loftis,* 103 Ga. App. 749 (120 SE2d 655); *Liberty Mut. Ins. Co. v. Archer,* 108 Ga. App. 563 (134 SE2d 204); 1 Larson, Workmen's Compensation Law 616, § 42.22. The trial court did not err in denying the appeal.

2. In this court the claimant filed a cross appeal from the superior court's denial of her motion for penalties and attorney's fees. The trial court did not err in denying the claimant's motion for penalties and attorney's fees on the ground that the employer's appeal to the superior court was frivolous, as the ground of that appeal was not palpably without merit. *New Amsterdam Cas. Co. v. Thompson,* 100 Ga. App. 677, 686 (112 SE2d 273).

*Judgment affirmed on appeal and on cross appeal. Nichols, P. J., and Deen, J., concur.*