### 42610.  MAGNUS METAL DIVISION OF NATIONAL LEAD COMPANY v. STEPHENS.

JORDAN, Judge.  The history of this case preceding the present action is reported in *Magnus Metals Division of Nat. Lead Co. v. Stephens,* 111 Ga. App. 448 (142 SE2d 123).  By letter dated January 31, 1966, the employer requested a hearing before the State Board of Workmen's Compensation on two grounds: (1) change in condition, and (2) for the claimant to show cause why his compensation should not be stopped for his refusal to submit to proper medical treatment.  At a hearing on March 29, 1966, the claimant testified that he had stopped taking physical therapy treatments prescribed by the employer's doctor because he had no transportation, that the employer had refused to furnish transportation, and that the treatments were extremely painful and had not helped his condition, which was worse then than two years previously.  On July 7, 1966, the majority of the board found that the treatment was reasonable and necessary, that the board had not ordered the treatment, that the treatment caused the claimant great pain and suffering, that no person should be directed to submit to undue pain or suffering resulting from treatment to reduce disability, that the claimant was justified in refusing the treatment, and that the employer had no right to suspend payment of compensation upon the refusal of the claimant to submit to treatment not ordered by the board.  The award denied the request of the employer to suspend payment of compensation.

On appeal a Judge of Fulton Superior Court on November 23, 1966, affirmed the award and on motion of the claimant assessed the employer $150 in attorney's fees for the appeal, after hearing evidence on the reasonable value thereof.  The employer appeals to this court, asserting error by the court in failing to find that the employer was authorized to stop payment of compensation during the time the claimant refused to accept recommended medical treatment, in failing to find that the board erred in determining that the claimant

may refuse reasonable medical treatment, and in awarding attorney's fees for the appeal. *Held:*

1. A claimant under the Workmen's Compensation Act is entitled to compensation during the period of his refusal to accept medical treatment when it appears that the State Board of Workmen's Compensation (1) did not order the treatment, (2) or having ordered the treatment, further determines that the circumstances justify the refusal of the claimant to accept the treatment. *Code Ann.* § 114-501. See *Bituminous Cas. Co. v. Dyer,* 62 Ga. App. 279, 281 (7 SE2d 415); *Hartford Acc. Indem. Co. v. Barfield,* 89 Ga. App. 562, 563 (80 SE2d 84). The additional provisions of the law relating to physical examination and surgical treatment (*Code* § 114-503) are inapplicable to the present case. As the board did not order the treatment which the claimant discontinued and as the board further determined from the claimant's testimony that his refusal to continue the treatment was justified, in view of the pain and suffering caused by the treatment, the judge of the superior court on appeal properly affirmed the award of the board refusing to allow the employer to suspend payment of compensation.

2. No reasonable grounds for the appeal to the superior court appearing from the record, the judge of the superior court was authorized to award attorney's fees of $150, after hearing evidence of the reasonable value of such fees. *Code Ann.* § 114-712.

*Judgment affirmed. Bell, P. J., and Pannell, J., concur.*

Submitted February 7, 1967—Decided March 16, 1967.

*Woodruff, Savell, Lane & Williams, John M. Williams,* for appellant.

*Paul C. Myers,* for appellee.