### 43293. ZURICH INSURANCE COMPANY et al.<br>v. McDUFFIE.

JORDAN, Presiding Judge. In this workmen's compensation case the hearing director found that the claimant sustained a back injury on October 12, 1966, arising out of and in the course of employment, and awarded compensation. On appeal this award was made the award of the full board. The insurer and employer then appealed to the superior court, and that court affirmed the award and on motion of the claimant assessed $750 as attorney's fees against the insurer and employer. The insurer and employer appeal to this court, and the claimant moves this court to assess additional attorney's

fees under *Code Ann.* § 114-712 against the insurer and employer for prosecuting the appeal in this court. *Held:*

1. The record clearly shows that the hearing director and the full board considered all of the evidence, and the testimony of the claimant that he sustained a fall while at work, which he reported to his employer, when considered with the subsequent diagnosis and treatment for a herniated disc, authorize the award, although there is other evidence which tends to affect the credibility of the claimant, in that in receiving treatment he failed to attribute his condition to the fall at work, and may have suggested that the condition arose from other causes. Findings of fact by the board supported by any evidence are conclusive upon the courts on appeal, and no error of law appearing the superior court did not err in affirming the award. See *Code* § 114-710.

2. Although counsel for the insurer and employer contended in the hearing before the superior court that the hearing director and the full board had proceeded on an erroneous legal theory, the gist of the argument is nothing more than a contention that the findings are contrary to the weight of the evidence. The hearing director and full board are vested with exclusive authority to weigh the evidence. Accordingly, the superior court did not err in determining under the provisions of *Code Ann.* § 114-712 that the appeal to that court was without reasonable grounds, thus entitling the claimant to reasonable attorney's fees for defending the appeal in the superior court. The only evidence before the court, however, is for the reasonable value of attorney's fees for *all* proceedings, valued at $1,000 by the attorney for the claimant, and at no more than $400 by the attorney for the insurer and employer, and there is no evidence to support an award of $750 as a reasonable fee for defending the appeal to the superior court. Under these circumstances the judgment of the superior court awarding attorney's fees to the claimant must be reversed, with direction that the court limit the award to such amount as may appear reasonable, upon proper proof, for defending the appeal in that court. See *U. S. Cas. Co. v. White,* 108 Ga. App. 539 (2-4) (133 SE2d 439); *New Amsterdam Cas. Co. v. Thompson,* 100 Ga. App. 677, 686 (112 SE2d 273).

3. The provisions of *Code Ann.* § 114-712 authorizing the board or any court to assess attorney's fees where proceedings are

brought "under this Title," referring thereby to Title 114 governing proceedings under the Workmen's Compensation Law, are not applicable to an appeal from the superior court to this court, which is controlled primarily by constitutional provisions and general implementing statutes. Therefore this court has no authority to assess attorney's fees under *Code Ann.* § 114-712, and the motion of the claimant in this court to assess such fees must be denied. *Dunn v. American Mut. Liab. Ins. Co.,* 64 Ga. App. 509, 514 (13 SE2d 902); *Baggett Transportation Co. v. Barnes,* 113 Ga. App. 58, 61 (147 SE2d 372).

*Judgment affirmed in part; reversed in part with direction. Pannell and Deen, JJ., concur.*

ARGUED JANUARY 5, 1968—DECIDED JANUARY 11, 1968.

*Woodruff, Savell, Lane & Williams, John M. Williams, Ronald L. Davis,* for appellants.

*Jack N. Gunter,* for appellee.