43765. FEDERATED INSURANCE GROUP et al. v. PITTS.

ARGUED JULY 2, 1968—DECIDED SEPTEMBER 5, 1968— REHEARING DENIED SEPTEMBER 18, 1968—

*Brannen, Clark & Hester, Fred S. Clark,* for appellants.

*Corish, Smith & Remler, William T. Moore, Jr.,* for appellee.

HALL, Judge. 1. The ground of the appeal to the superior court which is enumerated as error in this court is that there is no evidence to support the award. The argument for this ground is that the employee did not give notice to the employer "immediately on the occurrence of [the] accident, or as soon thereafter as practicable," in accordance with the Workmen's Compensation Act (Ga. L. 1920, p. 180, as amended; *Code* § 114-303).

The cited section of the Act provides that "until such notice is given the employee shall not be entitled to any physician's fees nor to any compensation which may have accrued under the terms of this law prior to the giving of such notice. . . *No compensation* will be payable unless such notice, either oral or written, is given within 30 days after the occurrence of the accident. . ." (Emphasis supplied.) In this case there was evidence that claimant had an accident and injury at work during

the week and stopped work on Friday, April 22. The insurer's evidence shows that the employer had received letters from the claimant informing it of his injury, from which it made an accident report to the insurer on May 9 and referred the claimant to a doctor with the following statement to the doctor: "The bearer . . . whose occupation is mechanic, alleges that he was injured while in our employ on April 22, 1966. Please give him medical attention and mail this card at once if the injury is not the result of his employment. This order shall supply only as a request for examination and report at the expense of Federated Mutual. . ."

It is doubtful that the notice which the claimant testified he gave Saturday, April 23, by telephone of his inability to come to work, would meet the test of a "notice of an injury by accident arising out of and in the course of the employment." See *Hoard v. Phoenix Assur. Co.*, 117 Ga. App. 383, 384 (160 SE2d 621). However, the Act does not require both personal and written notice meeting this test as a condition of compensation, and it is clear from the decisions that if the employee gives such notice, personal or written, within 30 days and shows that his accidental injury arose from his employment, he is entitled to compensation. *Ocean Acc. &c. Corp. v. Martin*, 35 Ga. App. 504 (134 SE 174); *Bryant v. J. C. Distributors*, 108 Ga. App. 401, 403 (133 SE2d 109); *Cofield v. Liberty Mut. Ins. Co.*, 110 Ga. App. 225, 226 (138 SE2d 115).

The employer argues that there was evidence of circumstances that would create an issue whether the employee had an accident at work; he does not argue that the evidence demanded a finding that there was no accident. Unquestionably there was direct evidence supporting the finding of an accident. The insurer does not contend, in fact, that the evidence on the essential elements of the case other than notice would not authorize an award.

The evidence is undisputed and the employer and insurer admit that the claimant gave the notice required within 30 days after the injury; it demanded a finding in favor of the claimant on this issue. It is clear from the terms of the notice provision of the statute, supra, that only when there is a failure to give the required notice within 30 days after an accident will

*no compensation* be payable; and numerous decisions have confirmed the patent import of the statute. See cases cited supra. Failure to give notice immediately or as soon after the accident as practicable disqualifies the claimant for physician's fees and compensation accruing prior to his giving notice.

The trial court did not err, therefore, in affirming the award and granting claimant's motion for attorney's fees. Ga. L. 1920, p. 201, as amended (*Code Ann.* § 114-712); *Magnus Metal Div. v. Stephens,* 115 Ga. App. 432, 433 (154 SE2d 869); *U. S. Cas. Co. v. White,* 111 Ga. App. 267 (141 SE2d 321).

2. The appellee has made a motion in this court for damages on the ground that there is no reasonable basis in fact or in law for the appeal. For the reasons stated above, we cannot see that there was any good reason for anticipating a reversal of the judgment of the trial court, and we agree with the appellee's ground for damages. Accordingly damages of ten percent are awarded under *Code* § 6-1801. *Rahal v. Titus,* 110 Ga. App. 122, 133 (138 SE2d 68).

*Judgment affirmed. Bell, P. J., and Quillian, J., concur.*