45726.   McCOY v. J. D. JEWELL, INC.

HALL, Presiding Judge. Claimant appeals from the judgment of the superior court affirming an award of the State Board of Workmen's Compensation denying her motion for assessment of costs and attorney's fees against the employer for defending the claim without reasonable grounds.

Claimant was injured in June 1966 and began receiving benefits. Several months later, the employer terminated payments and sought a change of condition hearing. The board ruled in claimant's favor and the employer carried an appeal up through this court, which affirmed the board and the superior court in June of 1969. The board then directed the employer to begin paying claimant weekly benefits again and to pay the accrued benefits. The employer paid weekly benefits until early November. In the meantime, it set up two appointments and requested claimant to appear for a medical examination. She was unable to keep either appointment, the latter one because she was in the hospital. However, when she did not contact the employer after her release, and after a conversation with her doctor (who stated that her present condition was not related to the accidental injury), the employer stopped sending the weekly checks. It subsequently filed a motion for a change of condition hearing, alleging claimant had fully recovered. When this came on for hearing in January of 1970, claimant filed her motion for assessment of costs and attorney's fees although the employer had notified her lawyer the previous week that it was willing to withdraw the request for a hearing pending the outcome of a medical examination.

The question of whether an employer has defended a claim without reasonable grounds and is therefore liable for reasonable attorney's fees and costs of litigation is "an issue of fact for determination by the State Board of Workmen's Compensation." *Meeks v. Travelers Ins. Co.,* 119 Ga. App. 569 (168 SE2d 212); *Wilson v. Maryland Cas. Co.,* 71 Ga. App. 184, 191 (30 SE2d 420). In our opinion, it cannot be said that the actions of the employer here were "so palpably without merit as to demand a finding" that its motion for a change of condition hearing "was

frivolous and unfounded." *New Amsterdam Cas. Co. v. Thompson,* 100 Ga. App. 677, 686 (112 SE2d 273); *Employers Ins. Co. of Alabama v. Wright,* 114 Ga. App. 10 (2) (150 SE2d 254); *LaFavor v. Aetna Cas. &c. Co.,* 117 Ga. App. 873 (1) (162 SE2d 311).

*Judgment affirmed. Bell, C. J., Jordan, P. J., Eberhardt, Deen and Quillian, JJ., concur. Pannell, Whitman and Evans, JJ., dissent.*

ARGUED OCTOBER 8, 1970—DECIDED JANUARY 6, 1971.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Ralph H. Hicks, Saul Blau,* for appellant.

*Robinson, Buice, Harben & Strickland, Sam S. Harben, Jr.,* for appellee.

EVANS, Judge, dissenting. The question here involves a motion by a workmen's compensation claimant to assess costs and reasonable attorney's fees against the employer for stopping payment of compensation awarded by the board, and in filing a false motion to discontinue compensation more than five weeks after stopping such payments. It is noted that this was not the first alleged change in the employee's condition claimed by the employer. See *J. D. Jewell, Inc. v. McCoy,* 119 Ga. App. 792 (168 SE2d 659) in which an alleged change was denied.

We recognize the "any evidence rule" which means that if the State Board of Workmen's Compensation had any evidence upon which to base its finding, it should be affirmed, and the judgment of the superior court upholding such finding should be affirmed. But, conversely, if there was a complete absence of "any evidence" to support such finding, then the judgment of the superior court in affirming the board should be reversed, which, in effect, would reverse the board in making its finding as aforementioned.

The board made its original award on June 14, 1968. The claimant secured an order from the board on July 14, 1969, for accrued benefits from the employer. On November 6, 1969, the employer, *without permission from the board,* stopped sending the weekly compensation checks to claimant; and on December 15, 1969 (more than five weeks later), filed a motion to discontinue compensation

and alleged in said motion: "that Daisy T. McCoy has recovered from her accidental injury sustained June 16, 1966, and is no longer disabled from said accidental injury." No explanation is made for the lapse of five weeks between the initial act of stopping payments and the date of filing the motion to terminate liability. Under Rule 17 of the State Board of Workmen's Compensation an employer is permitted to request discontinuance of payments of compensation and apply for a hearing, and the application for such hearing automatically allows the discontinuance of payment of compensation until the question raised by said motion is adjudicated.

At the hearing on the employer's motion to discontinue compensation, held on January 26, 1970, the employer did not introduce any evidence to justify its terminating claimant's benefits on November 6, 1969, but, to the contrary, counsel for the employer stated at the hearing: "*all we are seeking in this is for the lady to keep an appointment with the doctor for re-examination* . . . if she would keep the appointment this time there won't be any necessity for this change in condition . . ." (Emphasis supplied). The personnel manager of the employer testified at the hearing that the company's reason for terminating the claimant's benefits was "in order to get an up-to-date condition." This was not a proper ground for terminating the payments. He admitted that the employer had no information as to any change in condition of the claimant. It is of course true, that stopping payment of compensation can "knock a poor person to his knees" very quickly when he depends upon it for a livelihood. But the employee's reply letters explain why she was unable to keep the appointments with the doctor made by the employer. Thus, it is clear and uncontradicted that the employer stopped compensation payments for more than five weeks without any justification whatever, and then filed a motion to discontinue payments and requested a hearing wherein it was alleged that claimant *had recovered and that she was no longer disabled,* when it had no evidence to offer, and offered none, to sustain such allegations, leaving it beyond peradventure that such motion was without any justification whatever. Apparently it hoped that another examination by the doctor would disclose a change of conditions.

Further, it is admitted in the brief of counsel for the employer: ". . . claimant's attorney well knew the motion for a change in condition *would be withdrawn prior to the hearing* . . ." (Emphasis supplied.)

Under these circumstances the only conclusion that can be reached is that the employer was harassing and badgering the claimant, without any just cause whatever, by stopping payment of her compensation and then filing a motion to discontinue payment upon grounds which it could not and did not sustain, and when it had no right to believe it could sustain same.

In my opinion this is an aggravated case of moving against a claimant "without reasonable ground" and in bad faith, and consequently reasonable attorney's fees and costs should have been assessed against the employer by the Board of Workmen's Compensation. I would reverse the judgment of the superior court and order the judgment of the Board of Workmen's Compensation reversed, and that the case be remanded to that board with instructions to hold a hearing to determine and assess reasonable attorney's fees and costs. *Code* § 114-712, as amended (Ga. L. 1937, pp. 230, 233, 528, 535; 1943, pp. 167, 169); *U. S. Cas. Co. v. White,* 111 Ga. App. 267 (141 SE2d 321); *Magnus Metal &c. Co. v. Stephens,* 115 Ga. App. 432 (2) (154 SE2d 869); *Zurich Ins. Co. v. McDuffie,* 117 Ga. App. 90 (2) (159 SE2d 423); *Federated Ins. Group v. Pitts,* 118 Ga. App. 356 (163 SE2d 841).

I dissent from the majority opinion and the corresponding judgment of affirmance.