## 55838. S. S. KRESGE COMPANY v. DRIVER.

QUILLIAN, Presiding Judge.

This is an appeal from an order of the superior court which affirmed an award of the State Board of Workers' Compensation. The order also assessed attorney fees against the appellant. *Held:*

After having reviewed the record of this case, while the evidence was sufficient to support the award, under the any evidence rule, the award of attorney fees, under authority of Code Ann. § 114-712 (Code § 114-712, as amended through Ga. L. 1943, pp. 167-169), was not authorized. Due to the circumstances of this case which included medical evidence that the claimant was able to return to his normal employment the appeal to the superior court was not made without reasonable grounds.

*Affirmed with direction that that portion of the order which assessed attorney fees against the appellant be stricken. Bell, C. J., Deen, P. J., Webb, Smith, Shulman and Birdsong, JJ., concur. McMurray and Banke, JJ., concur in part and dissent in part.*

SUBMITTED MAY 4, 1978 — DECIDED OCTOBER 16, 1978.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Robert L. Kiser,* for appellant.

*Floyd, Stanford & Hardy, Jackson C. Floyd, Jr.,* for appellee.

McMURRAY, Judge, concurring in part and dissenting in part.

Following the execution of a Form 16 agreement as to compensation by the employer and the employee, workmen's compensation was paid to the employee. Thereafter, the employer requested a change in condition hearing, and the board ruled the employer was authorized by the board to discontinue payments inasmuch as claimant was "no longer totally disabled."

Claimant then asked for a change in condition hearing, and the board directed the employer to pay workmen's compensation for partial disability. This

award was appealed to the superior court, whereupon the trial court, "based upon the pleadings, the record in this case, uncontroverted evidence presented, and argument of counsel of the parties," rendered its findings of fact and conclusions of law, and affirmed the award of the board of workmen's compensation. Its findings of fact also contained the following: the appeal was brought "without reasonable grounds," the cost of the proceedings to be assessed against the defendant, and reasonable attorney fees, "for plaintiff's attorney in defending this appeal are found to be $300.00." In addition to the affirmance of the award and based upon its conclusions of law and Code Ann. § 114-712, as amended by Ga. L. 1937, pp. 230, 233; 1937, pp. 528, 535, the court awarded costs including the amount of $300 as reasonable "attorney's fees." The employer appealed the judgment affirming the findings of the board, as well as the assessment of attorney fees against it contending *it was proceeding with reasonable grounds.*

I concur fully with the majority that the evidence was sufficient to support the award of the board. However, I do not agree with the majority finding that the appeal was made with reasonable grounds, and attorney fees should be stricken.

In March 1976 the company doctor released the claimant to return to work, but because the claimant felt that he was still totally disabled and unable to work he refused to return to work. A change of condition hearing followed and payments were ordered discontinued because claimant was no longer totally disabled under Code Ann. § 114-404 (as last amended by Ga. L. 1975, pp. 190, 193; since amended in 1978, pp. 2220, 2222, effective July 1, 1978, under the law now recognized as the Workers' Compensation Act). This order was dated September 25, 1976.

Claimant then presented himself for light work in October of 1976 after his physician released him to light work on October 9, 1976. He was then advised by the employer that it had no light work for him to perform, contending he had quit work.

Whereupon claimant obtained other light work at another place of employment, and on November 12, 1976,

asked for a change in condition hearing seeking disability under Code Ann. § 114-405 (last amended Ga. L. 1975, pp. 190, 194; subsequently amended in 1978, pp. 2220, 2222, effective July 1, 1978, under the new Workers' Compensation Act). He was then examined by the company doctor on February 18, 1977, and this report is inconclusive as to his diagnosis. Based upon the evidence before the administrative law judge he was found to have undergone a change in condition as of October 30, 1976, on which day he was found to be partially disabled as a result of his injury occurring on January 20, 1976. The award was based thereon, affirmed by the board and the trial court, in which he was found to be partially disabled as a result of his injury occurring on January 20, 1976. On the evidence in the record, including a hearing as to attorney fees as disclosed by the trial court's certificate, the trial court awarded attorney fees. Under the any evidence rule as held in the trial court's judgment a physical and economic change occurred since the last award denying total disability as he was awarded partial disability at this hearing. Both the appeal to the full board and to the trial court were brief letter appeals by the employer/insurer simply stating the words, "dissatisfied with the award." Thus, it is apparent that the trial judge was of the opinion that the employer/insurer were trifling with the court, and the appeal was frivolous without any showing as to why the board was erroneous. Accordingly, he applied sanctions. To this I agree.

There is ample statutory authority for the superior court to assess attorney fees if there is evidence to support it. Code Ann. § 114-712, supra, clearly states that the board, "or any court before whom any proceedings are brought...[may]...determine that such proceedings have been brought, prosecuted or defended without reasonable ground, the whole cost of the proceedings may be assessed against the party who has brought or defended them, and in addition such party prosecuting or defending a claim without reasonable ground may have the reasonable attorney's fee of the opposing party assessed against him." In *Magnus Metal Division of Nat. Lead Co. v. Stephens,* 115 Ga. App. 432 (2) (154 SE2d 869), this court applied the statutory authority cited in Code Ann. § 114-712. See also

*U. S. Cas. Co. v. White,* 108 Ga. App. 539 (2) (133 SE2d 439), and *Zurich Ins. Co. v. McDuffie,* 117 Ga. App. 90 (2) (159 SE2d 423), wherein this court applied Code Ann. § 114-712, authorizing the award of attorney fees be reversed because there was no evidence shown as to the reasonableness of the fee awarded by the superior court. Clearly there is statutory authority under Code Ann. § 114-712, supra, for the award of "reasonable attorney's fee of the opposing party." Attorney fees may be assessed provided it is assessed *only on that phase of the appeal from the board to the superior court* if it be determined that the appeal was prosecuted or defended without reasonable ground and there is evidence to support the amount awarded as attorney fees. See also *Dunn v. American Mut. Liability Ins. Co.,* 64 Ga. App. 509, 514 (13 SE2d 902), wherein this court held: "This provision of the compensation law [Code Ann. § 114-712] authorizes the Industrial Board or a court to assess such attorney's fees only in cases which are brought to the court 'under this title,' meaning under and by authority of the compensation act. Cases brought before the Industrial Board and to the superior court on appeal from the Industrial Board and brought under the authority of this act. . ."

It is quite clear that the superior court lacks authority to award reasonable attorney fees for the prosecution of the case before the Workmen's Compensation Board. But it has full statutory authority to grant attorney fees consisting of the reasonable value of said services for prosecuting or defending *without reasonable ground an appeal in the superior court.*

The record here before this court is silent as to the specific evidence (the uncontroverted evidence presented as stated by the trial court in its findings of fact) before the superior court. It is noted that the notice of appeal ordered the clerk to omit nothing from the record. No transcript of evidence of the hearing before the trial court is found, but upon request the trial court has certified that he heard evidence as to the award of attorney fees and the amount thereof, which was not controverted. In the absence of the transcript of the evidence a finding of fact by the court based upon evidence and the resulting judgment

therefrom must be affirmed by this court. See *Ward v. Nat. Dairy Products Corp.,* 224 Ga. 241 (1, 2) (161 SE2d 305); *Martin v. Dept. of Public Safety,* 226 Ga. 723 (3) (177 SE2d 243); *Berrien v. AVCO Financial Services,* 127 Ga. App. 584 (1) (194 SE2d 337).

I therefore respectfully dissent to the direction that the assessed attorney fees against appellant be stricken.

I am authorized to state that Judge Banke joins in this dissent.